IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Akshar Patel, | ) | C/A No.: 1:25-cv-1096 |
| | ) | |
| c/o Banias Law, LLC, | ) | |
| 602 Rutledge Avenue | ) | |
| Charleston, SC 29403 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Todd M. Lyons, Acting Director, U.S. | ) | |
| Immigration and Customs Enforcement, | ) | |
| 500 12th St SW | ) | |
| Washington D.C. 20536 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

# COMPLAINT

Last week, Defendant U.S. Immigration and Customs Enforcement ("ICE") sought to make good on the current administration's campaign promise to be tough on "criminal aliens" through any means possible. This time it targeted international students at United States universities that it claims were "identified in criminal records checks." Rather than complying with its own regulations, ICE simply terminated these students' records in SEVIS—an online database housing information about each international student—thereby terminating their immigration status as a lawful student. ICE interprets this action to deprive these students of status and instructs them to leave the U.S. immediately:

| Termination Reason | Duration of Status |
|---|---|
| **Termination for any violation of status** | • **No grace period.**<br>• If the student and dependents are still in the United States, the student must either apply for reinstatement, or the student and dependents must leave the United States immediately. |

*See* https://studyinthestates.dhs.gov/sevis-help-hub/student-records/completions-and-terminations/terminate-a-student (last visited Apr. 10, 2025). ICE's political act, however, terminated status for *students with no criminal record* like Plaintiff Akshar Patel. For the reasons below, this Court must set aside ICE's termination of Plaintiff's SEVIS record and F-1 status to prevent irreparable harm.

## PARTIES

1. Plaintiff Akshar Patel is a citizen and national of India who is domiciled in Milwaukee, Wisconsin.

2. Defendant is Todd M. Lyons, Acting Director, U.S. Immigration and Customs Enforcement. In his official capacity, Defendant is in charge of the Student and Exchange Visitor Program ("SEVP") which terminated Plaintiff's record in the Student and Exchange Visitor Information System ("SEVIS") and his F-1 student status. Defendant resides in Washington, DC.

## VENUE AND JURISDICTION

3. This Court has jurisdiction over this case under 28 U.S.C. § 1331.

4. Under § 1331, this Court can hear challenges to final agency actions under 5 U.S.C. § 706(2). Termination of a SEVIS record and F-1 status is a final agency action, ripe for challenge. *See Fang v. Dir. U.S. Immigration and Customs Enforcement*, 935 F.3d 172 (3rd Cir. 2019).

5. Under § 1331, this Court can provide declaratory relief under 28 U.S.C. § 2201.

6. Venue is proper in this District and Division because Defendant is an officer of the United States headquartered in Washington D.C. 28 U.S.C. § 1391(e)(1).

7. No statute or regulation requires any administrative exhaustion before filing suit.

## FACTS

8. Plaintiff Akshar Patel is a citizen and national of India.

9. Akshar was accepted into the University of Wisconsin Milwaukee's ("UWM") Bachelor's Program in Information Science in 2022.

10. Akshar started his education while on his H-4 visa as a dependent of his mother.

11. Since starting, Akshar applied for and acquired an F-1 student visa, attended an interview at a U.S. consulate in India, and the U.S. Department of State issued him an F-1 visa.

12. Unlike most nonimmigrants, the border agent did not admit Akshar for a certain period of time. Rather, the border agent admitted Akshar for a "duration of status." *See* 8 C.F.R. § 214.2(f)(5)(i).

13. Regulations define a duration of status for an F-1 student as follows:

> **(i) General.** Duration of status is defined as the time during which an F-1 student is pursuing a full course of study at an educational institution certified by SEVP for attendance by foreign students, or engaging in authorized practical training following completion of studies, except that an F-1 student who is admitted to attend a public high school is restricted to an aggregate of 12 months of study at any public high school(s). An F-1 student may be admitted for a period up to 30 days before the indicated report date or program start date listed on the Form I-20 or successor form. The student is considered to be maintaining status if the student is making normal progress toward completing a course of study.

*Id.*

14. Because degree programs differ in length from program to program and school to school, F-1 students are generally admitted for the duration of their student status like Akshar.

15. To monitor and verify that an F-1 student does not overstay their status, U.S. Immigration and Customs Enforcement operate the Student Exchange and Visitor Program or SEVP. 8 U.S.C. § 1372. SEVP in turn certifies schools to accept F-1 students. 8 C.F.R. § 214.3(c). To qualify for SEVP-certification, schools must agree to report, update, and maintain information about each F-1 student in SEVP's Student and Exchange Visitor Information System or SEVIS. *Id.* at § 214.3(g).

16. SEVIS is nothing more than an online database housing data about all F-1 students that SEVP-certified schools are required to use for international students. 8 U.S.C. § 1372.

17. Schools are required to report certain events in SEVIS, such as the student's start date, course progress, and graduation. 8 C.F.R. § 214.3(g).

18. In turn SEVP monitors SEVIS to verify that F-1 students are "maintaining their status" throughout their "duration of status."

19. Regulation defines "maintaining status" for F-1 students as "making normal progress toward completing a course of study." 8 C.F.R. § 214.2(f)(5)(i).

20. So, if a student quits school, the school—through its "designated school officer" or DSO—reports the early withdrawal in SEVIS and terminates the student's SEVIS record and with it the student's F-1 status.

21. Depending on the reason for termination, ICE considers a student with a terminated SEVIS record as a nonimmigrant without status present in the United States and expects those nonimmigrants to leave the United States, though certain bases for termination do engender grace periods.

22. An F-1 student's SEVIS record and F-1 status can be terminated for a limited number of reasons. Without a SEVIS record, a student cannot have F-1 status. The two are inextricably intertwined.

23. First, a DSO can terminate a SEVIS record and F-1 status if the student does something wholly inconsistent with making normal progress toward completing a course of study, such as withdrawing early, never showing up at school, or graduating. *See generally* https://studyinthestates.dhs.gov/sevis-help-hub/student-records/completions-and-terminations/termination-reasons (last visited Apr. 10, 2025).

24. Second, a DSO can terminate a SEVIS record and F-1 status if the student commits certain actions that the regulations define as a failure to maintain status:

- "Any unauthorized employment by a nonimmigrant constitutes a failure to maintain status";
- "A nonimmigrant's willful failure to provide full and truthful information requested by DHS (regardless of whether or not the information requested was material) constitutes a failure to maintain status"; and
- "A nonimmigrant's conviction in a jurisdiction in the United states for a crime of violence for which a sentence of more than one year imprisonment may be imposed (regardless of whether such sentence is in fact imposed) constitutes a failure to maintain status[.]"

8 C.F.R. §§ 214.1(e)-(g).

25. Third, SEVP and ICE can take certain steps to terminate the F-1 student's SEVIS and F-1 status as follows:

> **Termination of status.** Within the period of initial admission or extension of stay, the nonimmigrant status of an alien shall be terminated by the revocation of a waiver authorized on his or her behalf under section 212(d) (3) or (4) of the Act; by the introduction of a private bill to confer permanent resident status on such alien; or, pursuant to notification in the Federal Register, on the basis of national security, diplomatic, or public safety reasons.

8 C.F.R. § 214.1(d).

26. Finally, if ICE believes an F-1 student has failed to maintain their student status, it can place the student in removal proceedings where it bears the burden to prove by clear and convincing evidence the student is removable for failure to maintain status. 8 U.S.C. § 1227(a)(1)(C). If ICE carries its burden, an immigration judge can order an F-1 student removed, thereby terminating their SEVIS record and F-1 status.

27. Akshar timely started classes at UWM and undertook a full course of study. He anticipates graduating in May 2025.

28. In November 2018, while on break, Akshar was arrested for recklessly driving a motor vehicle due to high speed in Texas.

29. He was arrested.

30. However, on February 21, 2019, the Assistant District Attorney for Montgomery County, Texas moved for dismissal and it was granted.

31. Since then, Akshar has continued his studies, has one exam remaining, and anticipates graduating in a month.

32. However, with no notice, on April 3, 2025, the Designated School Official at UWM ASU notified him that his SEVIS record had been terminated.

33. The letter reports that ICE terminated his SEVIS with the following note:

> TERMINATION REASON: OTHERWISE FAILING TO MAINTAIN STATUS – Individual identified in criminal records check and/or has had their VISA revoked. SEVIS record has been terminated.

34. ICE's website explains that there is no grace period for termination for "otherwise failing to maintain status" and Akshar would have to leave immediately:

| Termination Reason | Duration of Status |
|---|---|
| Termination for any violation of status | • No grace period.<br>• If the student and dependents are still in the United States, the student must either apply for reinstatement, or the student and dependents must leave the United States immediately. |

*See* https://studyinthestates.dhs.gov/sevis-help-hub/student-records/completions-and-terminations/terminate-a-student (last visited Apr. 9, 2025).

35. If the government had given Akshar an opportunity to respond to their charge of termination, he would have provided the letter from the District Attorney stating that no charges were filed, revealing Akshar has no criminal record.

36. But they gave him no chance to respond.

37. At this time, unlike many students like Akshar, the Department of State has not revoked his visa.

38. Revocation of a visa alone, however, would not impact Akshar's SEVIS record and F-1 status in the United States because a visa revocation impacts only the actual visa document. Visa revocation would preclude Akshar from using his actual visa again to seek admission to the United States, but it does not alone impact his current SEVIS record or F-1status.

39. The SEVIS termination, however, immediately causes Akshar significant harm.

40. First, according to ICE, Akshar no longer has F-1 status in the United States and he must leave immediately or risk detention and physical removal. Because he lost his status, he cannot extend his current status or change status to a new nonimmigrant visa.

41. Second, according to U.S. Citizenship and Immigration Services, Akshar is now accruing unlawful presence, which will prevent him from acquiring a new visa in the future and can lead to a bar on his reentry.

42. Third, Akshar can no longer graduate or apply for work authorization associated with being an F-1 student after graduation.

43. Fourth, ICE's claim that Akshar has a criminal record stigmatizes him for any future employment in the United States or visa application. ICE claims that Akshar has a criminal record which reflects on his moral character and leaves him with the stigma associated with a criminal record. And Akshar has no mechanism to set aside this stigma.

44. Finally, this is causing Akshar significant mental anguish and suffering. His career is uncertain. His life in the United States is uncertain. And his immigration status is uncertain. This uncertainty is causing sleepless nights and stressful days.

45. ICE/SEVP's termination of Akshar's SEVIS record and F-1 status is unlawful.

**FIRST CAUSE OF ACTION**
**(APA – Unlawful Decision)**

46. ICE's termination of Akshar's SEVIS record and F-1 status is unlawful, arbitrary and capricious, and in violation of law. 5 U.S.C. § 706(2).

47. It is indeed a final agency action that harms Akshar for which there is no other adequate remedy in a court. 5 U.S.C. §§ 702, 704.

48. A final agency action is arbitrary and capricious where:

> the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

49. ICE's termination decision is arbitrary and capricious because:

    a. It is *ultra vires* because ICE does not have authority to terminate SEVIS records and F-1 status without going through the mechanisms in 8 C.F.R. § 214.1(d);

    b. It lacks reasoned decisionmaking because ICE fails to set forth the reasons for its decision or provide any reasoning;

    c. It is arbitrary and capricious because Akshar has no criminal record and, therefore, the decision failed to consider an important aspect of the problem;

    d. It is arbitrary and capricious because Akshar has no criminal record and, therefore, the decision runs counter to any evidence;

    e. It is arbitrary and capricious because it interprets failure to maintain status unlawfully to include all interactions with the police;

    f. It is arbitrary and capricious because Akshar did not fail to maintain his status as student because he has bene and continues to be "making normal progress toward completing a course of study," 8 C.F.R. § 214.2(f)(5)(i);

    g. It violates 5 U.S.C. § 558(c) because F-1 status is a license—permission to attend a SEVP-certified school—and a license cannot be taken without notice and opportunity to remedy any defect, *see N. Rockies Reg'l Ctr., LLC v. Jaddou*, 743 F. Supp. 3d 1195, 1205-06 (D. Mont. 2024);

    h. It violates the Due Process Clause of the Fifth Amendment because Plaintiff has a cognizable property or liberty interest in his SEVIS record and F-1 status and ICE provided no notice or opportunity to respond before it terminated Plaintiff's SEVIS record and F-1 status;

    i. Without a director appointed by the president and confirmed by the senate, ICE cannot terminate SEVIS or F-1 status without violating the Appointment's Clause of the United States Constitution; and

    j. ICE's termination of Plaintiff's SEVIS record and F-1 status is arbitrary and capricious for various other reasons that Plaintiff cannot identify until ICE turns over a certified administrative record. Thus, Plaintiff reserves the right to expand the bases for its claims that such decision is arbitrary and capricious until dispositive motions based on an administrative record.

50. For all of these reasons and those additional grounds that Plaintiff can identify after a review of the certified administrative record, ICE's termination of Plaintiff's SEVIS record and F-1 status must be set aside.

### CLAIM FOR EQUAL ACCESS TO JUSTICE ACT FEES

51. ICE's termination is substantially unjustified under the APA.

52. Plaintiff qualifies for fees under the Equal Access to Justice Act.

53. Plaintiff is entitled to reasonable attorney's fees under the Equal Access to Justice Act.

**PRAYER FOR RELIEF**

Plaintiffs pray that this Court will:

54. Take jurisdiction over this case;

55. Enter a temporary restraining order or preliminary injunction, enjoining the effect of ICE's termination of Plaintiff's SEVIS record and F-1 status during the course of this litigation;

56. Declare ICE's termination decision unlawful;

57. Enter an order setting aside ICE's termination decision and enjoining ICE from terminating Plaintiff's SEVIS record and F-1 status without additional process in the future;

58. Order ICE to pay reasonable attorney's fees; and

59. Enter and issue other relief that this Court deems just and proper.

April 11, 2025                                Respectfully submitted,

                                              s/Brad Banias
                                              BRAD BANIAS
                                              Banias Law, LLC
                                              602 Rutledge Avenue Charleston, SC 29403
                                              843.352.4272
                                              brad@baniaslaw.com

                                              s/Steven A. Brown
                                              STEVEN A. BROWN
                                              Reddy Neumann Brown PC
                                              10333 Richmond Avenue, Suite 1050
                                              Houston, TX 77042 P:
                                              (713) 953-7787 ext. 145
                                              steven@rnlawgroup.com
                                              TXB 24091928


                                              Attorneys for Plaintiff