IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Akshar Patel, <br><br> Plaintiff, <br><br> v. <br><br> Todd M. Lyons, Acting Director, U.S. Immigration and Customs Enforcement, <br><br> Defendant. | C/A No.: 1:25-cv-01096-ACR |

### Notice of Supplemental Authority

Plaintiff now provides this brief notice of supplemental authority in support of his renewed motion of preliminary injunction. ECF No. 12.

Attached as Exhibit A is a recent order issued by the Northern District of Georgia granting a preliminary injunction in a very similar matter as the one in this case. At the hearing for Mr. Patel on Tuesday April 29, 2025, ICE discussed it's new policy guidance for SEVIS terminations:

> I'm happy to get to that, Your Honor. With respect to Mr. Patel, so we filed with our brief last night a new policy that ICE *has issued* with respect to terminations of records in SEVIS. It is at ECF 16-1. It's Exhibit A to our opposition to the motion for preliminary injunction.

Ex. B., transcript, at p. 37 ¶ 24 (emphasis added).

This policy was also purported to be "issued" in the opposition to the motion for preliminary injunction. ECF No. 16. at 6, 14. The policy created questions as to whether there is immediate irreparable harm to Mr. Patel.

However, as noted in the *Doe v. Bondi* opinion, the Northern District of Georgia Court had a telephonic status report one day after Mr. Patel's hearing on April 30, 2025. Ex. A. at 30. The *Doe* Court noted:

> The Court is aware of the public filings in other SEVIS cases that ICE announced a new policy generally applicable to F-1 nonimmigrant students and their SEVIS records. *See Liu*, 2025 WL 1233892, at *2. As a result of this new policy, the Court held a telephone conference on April 30, 2025 to determine whether Plaintiffs' concerns were now moot. *During the conference, Defendants took the position that the policy was not final, and thus it was not clear the effect the policy would have on the Plaintiffs in this case.*12 As such, Plaintiffs concerns are not moot, and they still face a real threat of irreparable harm.

*Id.* (emphasis added).

In light of the fact that one-day after the hearing in this case the policy was no longer final, Plaintiff no longer believes the policy, which is likely ultra vires, provides any sort of protection, as was implied by Defendant on April 29, 2025.

For this reason, and the reasons previously stated, Plaintiff respectfully requests the Court to enter an order granting the motion for preliminary injunction or summary judgment[1].

May 2, 2025                                       Respectfully submitted,

                                                  s/Steven A. Brown
                                                  STEVEN A. BROWN
                                                  Reddy Neumann Brown PC
                                                  11000 Richmond Ave, Suite 600
                                                  Houston, TX 77042
                                                  P: (713) 953-7787 ext. 145
                                                  steven@rnlawgroup.com
                                                  TXB 24091928

                                                  s/Brad Banias
                                                  BRAD BANIAS
                                                  Banias Law, LLC
                                                  602 Rutledge Avenue
                                                  Charleston, SC 29403
                                                  843.352.4272
                                                  brad@baniaslaw.com

---

[1] As ordered by the Court, the parties are still discussing a possible resolution

Attorneys for Plaintiff