IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Akshar Patel, | ) | C/A No.: 1:25-cv-01096-ACR |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Todd M. Lyons, Acting Director, U.S. Immigration and Customs Enforcement, | ) | |
| | ) | |
| Defendant. | ) | |

## Notice of Supplemental Authority

Plaintiff now provides this brief notice of supplemental authority in support of her renewed motion of preliminary injunction.

Attached as Exhibit A is the Opinion and Order issued today, May 7, 2025, in *Isserdasani v. Noem*, No. 3:25-cv-00283 (W.D. Wis.). In that case, the court granted a preliminary injunction against ICE's termination of an F-1 student's SEVIS record, even after ICE presented the same "new policy" that it has referenced in the present litigation. The *Isserdasani* decision is directly relevant to this case for several reasons:

1. **Another Court Finding Irreparable Harm After the "New Policy"**: The *Isserdasani* court granted preliminary relief even after ICE submitted its April 2025 policy memo as justification. The court found the plaintiff continued to face irreparable harm. While ICE's new "policy" is not addressed, this opinion is dated over a week after the new "policy" has been introduced. This is at least the third court to find such harm exists. *See* Ex. A. at 17.

2. **Blatant Regulatory Violations**: The court found that DHS's actions violated 8 C.F.R. § 214.1(d) and were arbitrary and capricious under the APA. The court emphasized that ICE lacked any regulatory or statutory basis to terminate SEVIS records under the circumstances presented. Plaintiff agrees. It is the behavior of ICE, and not a memorialization of that behavior in a new "policy" that is at issue here. The new "policy" is just the writing down of ultra vires behavior that continues to violate 8 C.F.R. § 214.1(d).

3. **Balancing of Harms and Public Interest**: Notably, the *Isserdasani* court performed the full balancing test required for injunctive relief and concluded the equities overwhelmingly favored the student. Even if this Court finds the irreparable harm less extreme here, the Wisconsin court's decision reinforces that the absence of any lawful authority for ICE's actions warrants injunctive relief. The *Isserdasani* court notes that cites previous cases that discuss the sliding scale and how the more likely an individual is to succeed on the merits, the more injunctive relief is warranted. Notably, this also involves an analysis of the public interests.

   As aptly put to by the *Isserdasani* court:

   "Moreover, '[t]he public has a vested interest in a federal government that follows its own regulations.'"

Ex. A. at 19.

This ruling joins a growing number of federal courts that have enjoined ICE from using SEVIS termination to effectuate de facto status revocations without lawful cause, process, or authority. Plaintiff respectfully urges this Court to do the same.

May 7, 2025                                   Respectfully submitted,

                                                               <u>s/Steven A. Brown</u>
STEVEN A. BROWN
Reddy Neumann Brown PC
11000 Richmond Ave, Suite 600
Houston, TX 77042
P: (713) 953-7787 ext. 145
steven@rnlawgroup.com
TXB 24091928

<u>s/Brad Banias</u>
BRAD BANIAS
Banias Law, LLC
602 Rutledge Avenue
Charleston, SC 29403
843.352.4272
brad@baniaslaw.com

Attorneys for Plaintiff