IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| Zhitao Song, | ) C/A No.: 1:25-cv-11088-FDS |
| | ) |
| Aditi Premjit, | ) |
| | ) |
| Godfred Asamoah, | ) |
| | ) |
| Vamsi Barmavath, | ) |
| | ) |
| Biwansh Khatri, | ) |
| | ) |
| Fatemeh Dashtiahangar, | ) |
| | ) |
| Bhaswardweep Kashyap, | ) |
| | ) |
| Yaswanth Chandolu, | ) |
| | ) |
| Ossama Elbanna, | ) |
| | ) |
| Prajwal Panzade, | ) |
| | ) |
| Vikas Reddy Cingireddy, | ) |
| | ) |
| Khushaal Singh Jammu, | ) |
| | ) |
| Carlos Bautista, | ) |
| | ) |
| Nirjhar Aloy, | ) |
| | ) |
| Jamruddin Syed, | ) |
| | ) |
| Zhe Zeng, | ) |
| | ) |
| Kiana Ghasemi, | ) |
| | ) |
| Priyanka Vijayran, | ) |
| | ) |
| Rishik Vardhan Kolipaka, | ) |
| | ) |
| Bhuvanateja Paritala, | ) |
| | ) |
| H C H Raiyan Ahmed, | ) |
| | ) |

Mayowa Paul, )
)
Md Nagib Mahfuz Sunny, )
)
Cengiz Lagap, )
)
Onur Can Kulualp, )
)
Aahlad Reddivari, )
)
Jai Krishna Mounaguru, )
)
Mary Thallapaneni, )
)
Shang Ruan, )
)
Yvonne Sarkodie, )
)
Akshitha Duddala, )
)
Mohammed Junaid Chinnakotla, )
)
Shirui Zhang, )
)
Anish Chougule, )
)
Tejeshwar Thalari, )
)
Venkata Sai Nandaanirudh Mahamkali, )
)
Vihaan Misra, )
)
Aryan Ingale, )
)
Ximin Chen, )
)
Prateek Swargam, )
)
Syed Hassan Raza, )
)
Arjun Sengupta, )
)
Kiran Patil, )
)
Milad Vahidi, )
)

| | |
|---|---|
| Sai Siva Sankar Veerisetti, | ) |
| | ) |
| Melina Arrizon Melchor, and | ) |
| | ) |
| Zan Zhang, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| Todd M. Lyons, Acting Director, U.S. | ) |
| Immigration and Customs Enforcement, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## STIPULATED ORDER

This Case comes before the Court on the parties' stipulation. The Plaintiffs and Defendant stipulate to the following:

1. The Student and Exchange Visitor Information System ("SEVIS") record for each Plaintiff in this case has been set back to "active" by the Student and Exchange Visitor Program ("SEVP") within Homeland Security Investigations ("HSI") at U.S. Immigration and Customs Enforcement ("ICE").[1]

2. The reactivation of each Plaintiff's SEVIS record shall be considered retroactive to the date of its initial termination, such that there is no gap or lapse in the Plaintiff's SEVIS record. Although the event history will memorialize whatever modifications are made to the SEVIS account, the effect of this retroactive activation is as though the termination did not happen.

---

[1] Plaintiffs Yvonne Sarkodie and Shirui Zhang currently are in "initial" status in SEVIS because they recently transferred to new schools and filed for reinstatements while their SEVIS records were terminated. These two plaintiffs' SEVIS records will become "active" once their school transfers are complete.

3. To the extent any Plaintiff is participating in Optional Practical Training ("OPT") or the STEM OPT extension or curricular practical training ("CPT"), any authorization end date for OPT, STEM OPT, or CPT has been reset to the end date set forth in the Plaintiff's SEVIS record before its termination.

4. ICE will not, under its new SEVIS policy announced April 26, 2025, re-terminate any Plaintiff's SEVIS records based solely on the National Crime and Information Center ("NCIC") record that led to the initial termination or on any related prudential visa revocation that is effective upon departure (as set forth in Paragraph 5). However, ICE maintains the authority to terminate a SEVIS record for other reasons, such as if a student fails to maintain his or her nonimmigrant status after the record is reactivated or engages in other unlawful activity that would render him or her removable from the United States under the Immigration and Nationality Act ("INA").

5. As stated in ICE's new policy, "if State revokes a nonimmigrant visa effective immediately, SEVP may terminate the nonimmigrant's SEVIS record based on the visa revocation with immediate effect, as such a revocation can serve as a basis of removability under INA § 237(a)(1)(B)." A visa revocation that is effective upon departure rather than immediately does not establish removability under INA § 237(a)(1)(B), and therefore is not, in itself, a basis for termination of the SEVIS record under the new SEVIS policy.

6. Pursuant to INA § 221(i), notice of a visa revocation must be communicated to the Department of Homeland Security. DHS has not received any communication from the Department of State that the visas of any of the Plaintiffs in this action have been revoked with immediate effect.

7.   The termination and reactivation of a Plaintiff's SEVIS record by SEVP, as set forth in Paragraph 1 of this Stipulation, will not, in itself, have a negative impact on the adjudication of any benefit request by United States Citizenship and Immigration Services ("USCIS"). If, while adjudicating an immigration benefit request, USCIS finds that an F-1 nonimmigrant's SEVIS record was terminated and then reactivated by ICE, USCIS will continue processing the benefit request according to all applicable laws, regulations, policies, and procedures.

8.   To the extent USCIS issues a request for evidence, notice of intent to deny, or denial based in whole or part on the termination and reactivation of any Plaintiff's SEVIS record, counsel for Defendant agree to cooperate with Plaintiffs' counsel to ensure USCIS is aware of this Stipulation and its terms in connection with its consideration or reconsideration of any Plaintiff's benefits request.

9.   Defendant shall communicate this Stipulation to the Department of State.

10.  This case is dismissed with prejudice.

May 12, 2025

Respectfully submitted,

/s/ Bernard P. Wolfsdorf
BERNARD P. WOLFSDORF
Wolfsdorf Rosenthal LLP
1416 2nd Street
Santa Monica, CA 90401
Tel: (310) 570-4088
bernard@wolfsdorf.com

Attorney for Plaintiffs


LEAH B. FOLEY
United States Attorney

By: /s/ Mark Sauter
Mark Sauter
Assistant United States Attorney
United States Attorney's Office

Case 1:25-cv-11088-FDS   Document 9   Filed 05/12/25   Page 6 of 6
Case 1:25-cv-11088-FDS   Document 9   Filed 05/12/25   Page 6 of 6

1 Courthouse Way, Suite 9200
Boston, MA 02210
Tel.: 617-748-3347
Email: mark.sauter@usdoj.gov

## ORDER

In light of the parties' stipulation, IT IS SO ORDERED. The clerk shall dismiss this case with prejudice.

May 12, 2025

_____
F. Dennis Saylor, IV
U.S. District Judge