```
 1 │ PATRICK D. ROBBINS (CABN 152288)
   │ Acting United States Attorney
 2 │ PAMELA T. JOHANN (CABN 145558)
   │ Chief, Civil Division
 3 │ ELIZABETH D. KURLAN (CABN 255869)
   │ Assistant United States Attorney
 4 │
   │     450 Golden Gate Avenue, Box 36055
 5 │     San Francisco, California 94102-3495
   │     Telephone: (415) 436-7298
 6 │     Facsimile: (415) 436-6748
   │     Elizabeth.Kurlan@usdoj.gov
 7 │
   │ Attorneys for Defendants
 8 │
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ARYAN SHAH,<br><br>RAMYA KRISHNA KAMATHAM,<br><br>ARINDAM ROY,<br><br>ARAVIND THIRUNAVUKKARASU,<br><br>REZVAN GOLMORADIZADEH,<br><br>FARREL GOMARGANA,<br><br>MENGQUN YU,<br><br>BHAVYA ALPESHKUMAR PATEL,<br><br>MINCHUAN WU,<br><br>PING-JUI LIAO,<br><br>SAI VENKATA RITHIK ANTHAM,<br><br>SHIREESH KUMAR GADIDESI,<br><br>JUILY MAHORE,<br><br>DORCAS OFORI AIDOO,<br><br>GM SHASHI,<br><br>SONA NIKITHA BOLLAVARAM,<br><br>SARATH BODDU, | Case No.: 4:25-cv-3549-JSW<br>ORDER GRANTING<br>**AMENDED STIPULATION RE: RE-ACTIVATION OF SEVIS RECORDS AND DISMISSAL;** [PROPOSED] ORDER |

| | |
|---|---|
| 1 | ADESOLA ADEYEMI, |
| 2 | PRAVEEN PILYANAM, |
| 3 | ZHAOHUA ZHANG, |
| 4 | ABIODUN OSENI, |
| 5 | ABDLRAHMAN ALABDALLAH, |
| 6 | NAGA SWAROOP KOTA, |
| 7 | AYWAN DAS, |
| 8 | ANUP MISHRA, |
| 9 | REBIKA BASNET, |
| 10 | TAJRIAN KAMAL, |
| 11 | SAKETH PARUCHURI, |
| 12 | APOORV PANDKAR, |
| 13 | EKUNDAYO ALABI, |
| 14 | NITISH REDDY DAKURI, |
| 15 | JUDITH IHUOMA EWUZIE, |
| 16 | NATALIA JOSEFINA MARTINEZ URMENETA, |
| 17 | |
| 18 | SHARVANI BOLLA, |
| 19 | VIKAS REDDY AMARAVATHI, |
| 20 | BHAVIN PATEL, |
| 21 | RITESH KARNAM, |
| 22 | SURESH BABU GADIPARTHI, |
| 23 | YIZHOU CHEN, |
| 24 | NIKHIL CHOWDARY BONTHU, |
| 25 | OJASVI AGRAWAL, |
| 26 | PAVAN KALYAN REDDY METTUPALLI, |
| 27 | PAVAN KUMAR JALIPARTHY, |
| 28 | SHAHBAZ KHAN, |

STIPULATION RE RE-ACTIVATION OF SEVIS RECORDS AND DISMISSAL; [PROPOSED] ORDER
4:25-cv-3549 JSW               2

| | |
|---|---|
| 1 | SRINIVASA SAI ANUDEEP GADI, |
| 2 | MAJID ALFIFI, |
| 3 | RAHUL CHERUKURI, |
| 4 | CHANG JOON AHN, |
| 5 | MARIA JOSE ARIAS SAAVEDRA, |
| 6 | SANTOSH KUMAR BAMMIDI, |
| 7 | UKJIN CHOI, |
| 8 | ARMAAN CHOWDHRY, |
| 9 | SUMAN GUGULOTHU, |
| 10 | VOMSREEMANASA JALLI VENKATARAMANA, |
| 11 | |
| 12 | SARTHAK SANJAY KORE, |
| 13 | JUAN PABLO LOPEZ ORDONEZ, |
| 14 | TABREZ KHAN MOHAMMAD, |
| 15 | ONKAR ASHOK MOHITE, |
| 16 | SOUMITRA PALIT, |
| 17 | ARSHROOP SAINI, |
| 18 | ANIL KUMAR SHARMA, |
| 19 | NENGKE LIN, |
| 20 | HUANYANG HE, |
| 21 | SEUNG JIN KIM, and |
| 22 | MAHAN NASERI |
| 23 | Plaintiffs, |
| 24 | v. |
| 25 | TODD M. LYONS, in his official capacity as Acting Director of United States Immigration and Customs Enforcement, |
| 26 | |
| 27 | Defendant. |
| 28 | |

STIPULATION RE RE-ACTIVATION OF SEVIS RECORDS AND DISMISSAL; [PROPOSED] ORDER
4:25-cv-3549 JSW                                    3

Plaintiffs and Defendant hereby stipulate to the following:

1. The Student and Exchange Visitor Information System ("SEVIS") record for each Plaintiff in this case has been set back to "active" by the Student and Exchange Visitor Program ("SEVP") within Homeland Security Investigations ("HSI") at U.S. Immigration and Customs Enforcement ("ICE").[1]

2. The reactivation of each Plaintiff's SEVIS record shall be considered retroactive to the date of its initial termination, such that there is no gap or lapse in the Plaintiff's SEVIS record. Although the event history will memorialize whatever modifications are made to the SEVIS account, the effect of this retroactive activation is as though the termination did not happen.

3. To the extent any Plaintiff is participating in Optional Practical Training ("OPT"), or Science, Technology, Engineering and Math ("STEM") OPT, or Curricular Practical Training ("CPT"), any authorization end date for OPT, STEM OPT, or CPT has been reset to the end date set forth in the Plaintiff's SEVIS record before its termination.

4. ICE will not, under its new SEVIS policy announced April 26, 2025, re-terminate the Plaintiffs' SEVIS records based solely on the National Crime and Information Center ("NCIC") record that led to the initial termination or on any related prudential visa revocation that is effective upon departure (as set forth in Paragraph 5). However, ICE maintains the authority to terminate a SEVIS record for other reasons, such as if a student fails to maintain his or her nonimmigrant status after the record is reactivated or engages in other unlawful activity that would render him or her removable from the United States under the Immigration and Nationality Act ("INA").

5. As stated in ICE's new policy, "if State revokes a nonimmigrant visa effective immediately, SEVP may terminate the nonimmigrant's SEVIS record based on the visa revocation with immediate effect, as such a revocation can serve as a basis of removability under INA § 237(a)(1)(B)."

---

[1] Plaintiffs Nikhil Bonthu and Suman Gugulothu currently are in "initial" status in SEVIS because they recently transferred to new schools and filed for reinstatements while their SEVIS records were terminated. These two plaintiffs' SEVIS records will become "active" once their school transfers are complete.

STIPULATION RE RE-ACTIVATION OF SEVIS RECORDS AND DISMISSAL; [PROPOSED] ORDER
4:25-cv-3549 JSW                           4

A visa revocation that is effective upon departure rather than immediately does not establish removability under INA § 237(a)(1)(B), and therefore is not, in itself, a basis for termination of the SEVIS record under the new SEVIS policy.

6. Pursuant to INA § 221(i), notice of a visa revocation must be communicated to the Department of Homeland Security. DHS has not received any communication from the Department of State that the visas of any of the Plaintiffs in this action have been revoked with immediate effect.

7. The termination and reactivation of a Plaintiff's SEVIS record by SEVP, as set forth in Paragraph 1 of this Stipulation, will not, in itself, have a negative impact on the adjudication of any benefit request by United States Citizenship and Immigration Services ("USCIS"). If, while adjudicating an immigration benefit request, USCIS finds that an F-1 nonimmigrant's SEVIS record was terminated and then reactivated by ICE, USCIS will continue processing the benefit request according to all applicable laws, regulations, policies, and procedures.

8. To the extent USCIS issues a request for evidence, notice of intent to deny, or denial based in whole or part on the termination and reactivation of the Plaintiff's SEVIS record, counsel for Defendant agrees to cooperate with Plaintiff's counsel to ensure USCIS is aware of this Stipulation and its terms in connection with its consideration or reconsideration of any Plaintiff's benefits request.

9. Defendants shall communicate this Stipulation to the Department of State. Plaintiffs shall dismiss this action with prejudice.

Dated: May 12, 2025

Respectfully submitted,[2]

PATRICK D. ROBBINS
Acting United States Attorney

 *s/ Elizabeth D Kurlan*
ELIZABETH D. KURLAN
Assistant United States Attorney

*Counsel for Defendant*

---

[2] In accordance with Civil Local Rule 5-1(i)(3), the filer of this document attests that all signatories listed herein concur in the filing of this document.

STIPULATION RE RE-ACTIVATION OF SEVIS RECORDS AND DISMISSAL; [PROPOSED] ORDER
4:25-cv-3549 JSW                                5

Dated: May 12, 2025

          *s/ Steven A. Brown*
STEVEN A. BROWN
Reddy Neumann Brown PC
*Pro Hac Vice*

*Counsel for Plaintiffs*

### [PROPOSED] ORDER

Pursuant to the parties' stipulation, IT IS SO ORDERED. The Clerk shall close this file.

Date: May 12, 2025

_____
JEFFREY S. WHITE
United States District Judge

STIPULATION RE RE-ACTIVATION OF SEVIS RECORDS AND DISMISSAL; [PROPOSED] ORDER
4:25-cv-3549 JSW      6