UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AKSHAR PATEL,

              Plaintiff,

     v.

TODD M. LYONS, Acting Director,
U.S. Immigration and Customs Enforcement,

              Defendant.

Civil Action No. 25-1096 (ACR)

**MEMORANDUM OF POINTS AND AUTHORITIES**
**<u>IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS</u>**

## **TABLE OF CONTENTS**

BACKGROUND

    I.     Legal Background ................................................................................................... 2

          A.     Nonimmigrant Students ................................................................. 2

          B.     The Student and Exchange Visitor Information System ............................. 3

    II.    Factual and Procedural Background ...................................................................... 4

          A.     Termination of Patel's SEVIS Record ....................................................... 4

          B.     Patel's Complaint and Motion for a Temporary Restraining Order ........... 5

          C.     Implementation of New SEVIS Record Termination Policy ...................... 5

          D.     Patel's Motion for a Preliminary Injunction and Subsequent Developments ............................................................................................................... 5

LEGAL STANDARDS ...................................................................................................... 6

    I.     Dismissal for Lack of Subject Matter Jurisdiction under Rule 12(b)(1) ............... 6

    II.    Article III of the Constitution and the Mootness Doctrine .................................... 8

ARGUMENT ...................................................................................................................... 9

    I.     Plaintiff's Claim Is Moot Because ICE Rescinded the SEVIS Termination That Plaintiff Challenges in This Suit ........................................................................... 9

          A.     Rescission of the Challenged SEVIS Record Termination Moots Plaintiff's Claims for Injunctive and Declaratory Relief ............................................. 9

          B.     There is No Reasonable Expectation that the Alleged Violation Will Recur and Relief Has Completely Eradicated the Effects of the Alleged Violation ............................................................................................................. 12

          C.     Patel's Claims Do Not Meet the Standard for the Mootness Exception for Wrong that Are Capable of Repetition, Yet Evading Review ................. 15

CONCLUSION ................................................................................................................. 17

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Aetna Life Ins. Co. of Hartford v. Haworth,*
    300 U.S. 227 (1937) ........................................................................................................ 10

*Akiachak Native Cmty. v. Dep't of Interior,*
    827 F.3d 100 (D.C. Cir. 2016) ................................................................................... 11, 12

*Already, LLC v. Nike, Inc.,*
    568 U.S. 85 (2013) ........................................................................................................... 9

*Am. Farm Bureau v. EPA,*
    121 F. Supp. 2d 84 (D.D.C. 2000) .................................................................................. 7

*Arizonans for Official English v. Arizona,*
    520 U.S. 43 (1997) ......................................................................................................... 10

*Armstrong v. FAA,*
    515 F.3d 1294 (D.C. Cir. 2008) .................................................................................... 14

*British Caledonian Airways v. Bond,*
    665 F.2d 1153 (D.C. Cir. 1981) .................................................................................... 16

*Chafin v. Chafin,*
    568 U.S. 165 (2013) ..................................................................................................... 2, 9

*Church of Scientology v. United States,*
    506 U.S. 9 (1992) ............................................................................................................. 9

*Clarke v. United States,*
    915 F.2d 699 (D.C. Cir. 1990) ...................................................................................... 13

*Coal. for Underground Expansion v. Mineta,*
    333 F.3d 193 (D.C. Cir. 2003) ........................................................................................ 6

*Ctr. for Sci. in the Pub. Int. v. Regan,*
    727 F.2d 1161 (D.C. Cir. 1984) .................................................................................... 11

*Fore River Residents Against the Compressor Station v. FERC,*
    77 F.4th 882 (D.C. Cir. 2023) ......................................................................................... 8

*Foretich v. United States,*
    351 F.3d 1198 (D.C. Cir. 2003) ...................................................................................... 8

*Friends of the Earth, Inc. v. Laidlaw Env't Servs.,*
    528 U.S. 167 (2000) ...................................................................................................... 12

*Jerome Stevens Pharm., Inc. v. FDA*,
    402 F.3d 1249 (D.C. Cir. 2005) ........................................................ 7

*Koutny v. Martin*,
    530 F. Supp. 2d 84 (D.D.C. 2007) .................................................... 7

*Mills v. Green*,
    159 U.S. 651 (1895) ........................................................................ 9

*Moharam v. Transp. Sec. Admin.*,
    134 F.4th 598 (D.C. Cir. 2025) ..................................... 9, 13, 14, 15, 16

*Murphy v. Hunt*,
    455 U.S. 478 (1982) ........................................................................ 9

*Nat'l Black Police Ass'n v. District of Columbia*,
    108 F.3d 346 (D.C. Cir. 1997) ................................................... 10, 12

*Nat'l Min. Ass'n v. U.S. Dep't of Interior*,
    251 F.3d 1007 (D.C. Cir. 2001) ...................................................... 15

*Nw. Airlines, Inc. v. FAA*,
    675 F.2d 1303 (D.C. Cir. 1982) ...................................................... 15

*N.Y. State Rifle & Pistol Ass'n, Inc. v. City of New York*,
    590 U.S. 336 (2020) ............................................................. 2, 10, 11

*People for the Ethical Treatment of Animals, Inc. v. Fish & Wildlife Serv.*,
    59 F. Supp. 3d 91 (D.D.C. 2014) .................................................... 8

*PETA v. Dep't of Agric.*,
    918 F.3d 151 (D.C. Cir. 2019) ........................................................ 12

*Phillips v. McLaughlin*,
    854 F.2d 673 (4th Cir. 1988) .......................................................... 12

*Porup v. CIA*,
    997 F.3d 1224 (D.C. Cir. 2021) ...................................................... 13

*Pub. Citizen, Inc. v. Fed. Energy Regul. Comm'n*,
    92 F.4th 1124 (D.C. Cir. 2024) ...................................................... 8

*Schmidt v. United States*,
    749 F.3d 1064 (D.C. Cir. 2014) ...................................................... 8

*Sec'y of Lab. v. M-Class Mining, LLC*,
    1 F.4th 16 (D.C. Cir. 2021) ...................................................... 15, 16

*Settles v. U.S. Parole Comm'n*,
    429 F.3d 1098 (D.C. Cir. 2005) ...................................................... 7

*Sierra Club v. Jackson,*
    648 F.3d 848 (D.C. Cir. 2011) ........................................................................ 8

*Spivey v. Barry,*
    665 F.2d 1222 (D.C. Cir. 1981) ...................................................................... 14

*Spokeo, Inc. v. Robins,*
    578 U.S. 330, (2016) ...................................................................................... 8

*Sw. Bell Tel. Co. v. FCC,*
    168 F.3d 1344 (D.C. Cir. 1999) ...................................................................... 15

*Trudeau v. Fed. Trade Comm'n,*
    456 F.3d 178 (D.C. Cir. 2006) ........................................................................ 7

*True the Vote, Inc. v. IRS,*
    831 F.3d 551 (D.C. Cir. 2016) ........................................................................ 13

*U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship,*
    513 U.S. 18 (1994) .......................................................................................... 9

*United States v. Concentrated Phosphate Exp. Ass'n,*
    393 U.S. 199 (1968) ........................................................................................ 12

*United States v. Philip Morris USA Inc.,*
    566 F.3d 1095 (D.C. Cir. 2009) ...................................................................... 9

*West Virginia v. EPA,*
    597 U.S. 697 (2022) ........................................................................................ 8

*Wright v. Foreign Serv. Grievance Bd.,*
    503 F. Supp. 2d 163 (D.D.C. 2007) ................................................................ 7

**Statutes**

5 U.S.C. § 706(2) ...................................................................................................... 5, 6

8 U.S.C. § 1101(a)(15)(F)(i) ..................................................................................... 2

8 U.S.C. § 1372(a)(1) ................................................................................................ 3

**Other**

8 C.F.R. § 214.2(f)(1)(i). To ..................................................................................... 3

8 C.F.R. § 214.2(f)(5)(i) ............................................................................................ 3

By and through undersigned counsel, Defendant, Todd Lyons, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement ("ICE"), respectfully submits this memorandum in support of the government's motion to dismiss Plaintiff Akshar Patel's complaint (ECF No. 1). As explained in more detail below, the Court lacks subject-matter jurisdiction as this matter is moot and there is no justiciable Article III "case" or "controversy" between the parties.

## INTRODUCTION

Patel, a national of India, challenges the termination of a record maintained in the Student and Exchange Visitor Information System ("SEVIS"). Patel, mistakenly conflating the termination of the SEVIS record with a termination of his status as a nonimmigrant student ("F-1 status"), commenced this action on April 11, 2025, alleging that, because of the "SEVIS termination," he "no longer has F-1 status" and "can no longer graduate or apply for work authorization." Compl. (ECF No. 1) ¶¶ 39–32. Patel asks the Court to declare the termination of the SEVIS record unlawful, set the termination aside, and enjoin any future termination "without additional process." *Id*. at 10 (Prayer for Relief).

Prior to the filing of this lawsuit, ICE had terminated Patel's SEVIS record on April 3, 2025, based on Patel's criminal record in the National Crime Information Center ("NCIC") system. Since that time, however, several significant developments have occurred. *First*, ICE reinstated Patel's SEVIS record in compliance with this Court's order on Patel's motion for a temporary restraining order. *Second*, after that order, ICE promulgated a new policy, effective April 26, 2025, concerning the termination of SEVIS records. This new policy will govern any future SEVIS record terminations. *Third*, Defendants made several representations to Patel and this Court, including that ICE has no plans under its new policy to re-terminate Patel's SEVIS record based

solely on the NCIC record that led to the April 2025 termination. *Finally*, ICE provided Patel with a letter regarding the retroactive effect of his SEVIS record reinstatement.

There is no more relief for this Court to award on the allegations in the complaint because the challenged termination has been rescinded and Patel's SEVIS record has been reinstated with retroactive effect to the date of the earlier termination. In similar cases, where changes have occurred during litigation, the D.C. Circuit, applying Supreme Court precedent, has concluded that claims for prospective relief become moot, meaning there is no justiciable Article III "case" or "controversy" between the parties. *See, e.g., Chafin v. Chafin*, 568 U.S. 165, 172 (2013), *N.Y. State Rifle & Pistol Ass'n, Inc. v. City of New York*, 590 U.S. 336, 337 (2020), *Friends of Animals v. Bernhardt*, 961 F.3d 1197, 1203 (D.C. Cir. 2020). Because this action likewise is moot, those D.C. Circuit and Supreme Court precedents necessitate dismissal of Patel's complaint for lack of subject-matter jurisdiction under Rule 12(b)(1).

## BACKGROUND

### I.    <u>Legal Background</u>

#### A.    **Nonimmigrant Students**

The Immigration and Nationality Act ("INA"), as amended, allows for the entry of a nonresident noncitizen, who "is a bona fide student qualified to pursue a full course of study and who seeks to enter the United States temporarily and solely for the purpose of pursuing such a course of study . . . at an established college, university, seminary, conservatory, academic high school, elementary school, or other academic institution or in an accredited language training program in the United States." 8 U.S.C. § 1101(a)(15)(F)(i). To be admitted in F-1 status, an applicant must present a Form I-20, Certificate of Eligibility for Nonimmigrant Student Status, issued by a certified school in the student's name; present documentary evidence of financial support; demonstrate he or she intends to attend the school specified on the student's visa; and, if

the student attends a public secondary school, demonstrate that he or she has reimbursed the local educational agency administering the school for the full, unsubsidized per capita cost of providing education at the school for the period of the student's attendance. 8 C.F.R. § 214.2(f)(1)(i). To maintain F-1 status, a noncitizen must "pursue a full course of study" or "engage in authorized practical training[.]" *Id.* § 214.2(f)(5)(i).

### B.    The Student and Exchange Visitor Information System

Congress required that "[t]he [Secretary of Homeland Security], in consultation with the Secretary of State and the Secretary of Education, . . . develop and conduct a program to collect from approved institutions of higher education, other approved educational institutions, and designated exchange visitor programs in the United States [certain information] with respect to [noncitizens] who have the status, or are applying for the status, of nonimmigrants under subparagraph (F), (J), or (M) of section 1101(a)(15) of this title." 8 U.S.C. § 1372(a)(1).

In an exercise of this authority, the Secretary of Homeland Security created and maintains SEVIS, "a web-based system that the U.S. Department of Homeland Security (DHS) uses to maintain information on Student and Exchange Visitor Program-certified schools, F-1 and M-1 students who come to the United States to attend those schools, U.S. Department of State-designated Exchange Visitor Program sponsors and J-1 visa Exchange Visitor Program participants." ICE, SEVIS Overview, https://perma.cc/TA27-KNXA (pinned June 9, 2025).

Importantly, a SEVIS record termination does not necessarily indicate a termination of nonimmigrant status. DHS, SEVIS, Terminate a Student, https://perma.cc/ECM2-L3RY (pinned June 9, 2025) ("[T]ermination is not always negative. [School officials] can terminate records for several normal, administrative reasons."). Under the INA in this context there are three separate and distinct concepts: (1) SEVIS, which is a recordkeeping system used by the Department to maintain information on certain noncitizens who come to the United States to study, *see* ICE,

SEVIS Overview, *supra*; (2) a visa, which is document issued by the State Department reflecting permission to apply for admission to the United States at a port of entry, *see* State Dep't, Visitor Visa, https://perma.cc/HN23-H3DK (pinned Apr. 28, 2025); and (3) immigration status, a noncitizen's formal immigration classification in the United States, *see* DHS, Maintaining Status, https://perma.cc/AM9P-LETR (pinned Apr. 28, 2025). Terminating a SEVIS record only terminates the first of these; it does not, in and of itself, terminate a noncitizen's immigration status or revoke a noncitizen's visa. Watson Decl. (ECF No. 7-1) ¶ 12.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    Termination of Patel's SEVIS Record

Patel is a national of India. Compl. (ECF No. 1) ¶ 8. After a consular officer issued Patel a nonimmigrant visa in the H-4 category on September 17, 2017, a U.S. Customs and Border Protection officer admitted him into the United States. H-4 Visa (ECF No. 13-2 at 2). On June 24, 2022, Patel converted to F-1 status and was permitted to remain in the United States for the duration of status to pursue a bachelor's degree in information science at the University of Wisconsin—Milwaukee. Not. of Change to F-1 (ECF No. 13-2 at 1); Compl. (ECF No. 1) ¶¶ 9, 11–12. Patel apparently graduated on May 15, 2025. *See* Patel Decl. (ECF No. 12-1) ¶ 7.

Patel's information was run against criminal databases and was a verified match to a criminal history record for an arrest on November 2, 2018, for Reckless Driving, in violation of Texas Transportation Code 545.401(b), in Montgomery County, Texas. Watson Decl. (ECF No. 7-1) ¶ 7. Records further show this charge was dismissed on February 21, 2019. *Id.* On April 2, 2025, the Counter Threat Lead Development Unit, a component of the National Security Division of Homeland Security Investigations, received communications from the Department of State, requesting that Patel's SEVIS record be terminated. *Id.* ¶ 8. On April 3, 2025, the Student and Exchange Visitor Program ("SEVP") set Patel's SEVIS record to "terminated" based on Patel's

criminal history. *Id.* ¶ 9. On April 3, 2025, the University of Wisconsin—Milwaukee informed Patel that his SEVIS record was terminated. Compl. (ECF No. 1) ¶¶ 32; Patel Decl. (ECF No. 12-1), Ex. C (Termination Letter).

### B.    Patel's Complaint and Motion for a Temporary Restraining Order

On April 11, 2025, Patel filed his complaint in this action. He brings a single cause of action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2), alleging that the termination of his SEVIS record was unlawful, arbitrary and capricious, and in violation of law. Compl. (ECF No. 1) ¶¶ 46–50. On April 17, 2025, the Court entered a temporary restraining order noting that ICE had returned Patel's status in SEVIS to "active" and ordering that ICE "may not change or otherwise modify Plaintiff's record in SEVIS solely on the basis of his arrest in November 2018 for a violation of Reckless Driving and subsequent dismissal of charge on February 21, 2019, by the Montgomery County Court." Order (ECF No. 11) at 1.

### C.    Implementation of New SEVIS Record Termination Policy

By broadcast message dated April 26, 2025, ICE distributed a new policy regarding the termination of SEVIS records. SEVIS Policy (ECF No. 16-1). Under the new policy, ICE provides directions on the steps SEVP must take to terminate a noncitizen's SEVIS record for a failure to comply with the terms of nonimmigrant status and explains how SEVIS terminations interact with visa revocations. *See id.* Patel's SEVIS record, having been restored before the new policy was issued, has never been terminated under that new policy.

### D.    Patel's Motion for a Preliminary Injunction and Subsequent Developments

On April 21, 2025, Patel moved for a preliminary injunction or summary judgment. (ECF No. 12). The Court held a hearing on April 29, 2025. During that hearing, counsel for the government presented the Court with the new SEVIS policy and stated that "[b]ased on the information currently available to ICE at this time, absent a TRO or injunction, Mr. Patel would

remain active in SEVIS." Hr'g Tr. 39:11–13. Following that statement, the Court observed to Patel's counsel that it was "not sure what else to do for you." *Id.* at 42:6–9. The Court directed the parties to try to come up with specific language about Patel's status, *id.* at 42:21–43:22, but the parties were unable to reach an agreement, Jt. Status Rep. (ECF No. 21).

On May 14, 2025, Defendant filed a notice stating that: (1) "ICE has no plans under its new SEVIS policy to re-terminate Patel's SEVIS record solely on the NCIC record that led to the termination in April 2025," (2) "ICE views the reactivation of Patel's SEVIS record to have retroactive effect to the date of the earlier termination, i.e., ICE takes the view that there is no 'gap' or 'lapse' in Patel's SEVIS record," and (3) "ICE intends to provide Patel with a letter regarding the retroactive effect of the SEVIS record reactivation so that Patel can provide that letter to U.S. Citizenship and Immigration Services or any other government official to alert such officials to ICE's position on the retroactivity of the reactivation." Def.'s Not. (ECF No. 24). Patel subsequently withdrew his motion for a preliminary injunction. Pl.'s Not. (ECF No. 25).

The parties have been engaged in discussions regarding entry of a stipulated dismissal, but, as those discussions have been unsuccessful, Defendant hereby timely submits this motion to dismiss Patel's complaint for lack of subject-matter jurisdiction.

## **LEGAL STANDARDS**

### I.    **Dismissal for Lack of Subject Matter Jurisdiction under Rule 12(b)(1)**

A court must dismiss a case pursuant to Rule 12(b)(1) when it lacks subject matter jurisdiction. In determining whether there is jurisdiction, the Court may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (internal citation omitted). In deciding whether to

grant a motion to dismiss for lack of jurisdiction, the Court "may consider materials outside the pleadings." *Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

In reviewing a motion to dismiss pursuant to Rule 12(b)(1), courts must accept as true all factual allegations in the complaint and construe the complaint liberally, granting plaintiff the benefit of all inferences that can be drawn from the facts alleged. *See Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005) ("At the motion to dismiss stage, counseled complaints as well as pro se complaints, are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact."); *Koutny v. Martin*, 530 F. Supp. 2d 84, 87 (D.D.C. 2007) ("[A] court accepts as true all of the factual allegations contained in the complaint and may also consider undisputed facts evidenced in the record." (internal citations and quotation marks omitted).

Despite the favorable inferences that a plaintiff receives on a motion to dismiss, it remains the plaintiff's burden to prove subject matter jurisdiction by a preponderance of the evidence. *Am. Farm Bureau v. EPA*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000). "Although a court must accept as true all factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1), [a] plaintiff['s] factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Wright v. Foreign Serv. Grievance Bd.*, 503 F. Supp. 2d 163, 170 (D.D.C. 2007) (internal citations and quotation marks omitted). A court need not accept as true "a legal conclusion couched as a factual allegation" or an inference "unsupported by the facts set out in the complaint." *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 193 (D.C. Cir. 2006) (internal citation and quotation marks omitted).

## II.    Article III of the Constitution and the Mootness Doctrine

The subject matter jurisdiction of federal courts is limited by Article III of the Constitution to the adjudication of actual, ongoing cases or controversies.  Article III requires plaintiffs to show that they "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Fore River Residents Against the Compressor Station v. FERC*, 77 F.4th 882, 888 (D.C. Cir. 2023) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338, (2016)) (internal quotation marks omitted). This limitation "gives rise to the doctrines of standing and mootness." *Foretich v. United States*, 351 F.3d 1198, 1210 (D.C. Cir. 2003); *see also Sierra Club v. Jackson*, 648 F.3d 848, 852 (D.C. Cir. 2011).

Pursuant to the mootness doctrine, "[a] case is moot if a decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future." *Pub. Citizen, Inc. v. Fed. Energy Regul. Comm'n*, 92 F.4th 1124, 1128 (D.C. Cir. 2024) (internal quotation marks and citation omitted). "This occurs when, among other things, the court can provide no effective remedy because a party has already obtained all the relief that it has sought." *Schmidt v. United States*, 749 F.3d 1064, 1068 (D.C. Cir. 2014) (cleaned up). "[T]he Government, not petitioners, bears the burden to establish that a once-live case has become moot." *West Virginia v. EPA*, 597 U.S. 697, 719 (2022). It "is not enough that the initial requirements of standing and ripeness have been satisfied; the suit must remain alive throughout the course of litigation, to the moment of final appellate disposition. If events outrun the controversy such that the court can grant no meaningful relief[,] the case must be dismissed as moot." *People for the Ethical Treatment of Animals, Inc. v. Fish & Wildlife Serv.*, 59 F. Supp. 3d 91, 95 (D.D.C. 2014) (internal quotation marks and citations omitted). "A case is moot when the challenged conduct ceases such that there is no reasonable expectation that the wrong will be repeated in circumstances where it becomes

impossible for the court to grant any effectual relief whatever to the prevailing party." *United States v. Philip Morris USA Inc.*, 566 F.3d 1095, 1135 (D.C. Cir. 2009) (internal quotation marks omitted).

## ARGUMENT

### I.    Plaintiff's Claim Is Moot Because ICE Rescinded the SEVIS Termination That Plaintiff Challenges in This Suit

This matter is moot. Patel's alleged injury stemmed from "the since eradicated effects of procedures and outcomes of a particular agency action," *Moharam v. Transp. Sec. Admin.*, 134 F.4th 598, 610 (D.C. Cir. 2025), namely, the April 2025, termination of his SEVIS record. As of April 17, 2025, ICE has retroactively reinstated Patel's SEVIS record, and Patel's challenge is incapable of repetition in light of the Government's representations. Because no exception to mootness applies, this case should be dismissed.

#### A.    Rescission of the Challenged SEVIS Record Termination Moots Plaintiff's Claims for Injunctive and Declaratory Relief

ICE's retroactive reinstatement of Patel's SEVIS record moots his claims for injunctive and declaratory relief. It is well settled law that a federal court may not "decide the merits of a legal question not posed in an Article III case or controversy." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 21 (1994). A federal court has no authority "to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). There is "no case or controversy, and a suit becomes moot, 'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013), and in turn quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)); *see also N.Y. State Rifle & Pistol*, 590 U.S. at 337) (claim for declaratory and injunctive

relief against "old" municipal firearms transport rule "is . . . moot" where municipality amended rule and state amended underlying statute after Supreme Court granted review). "To qualify as a case fit for federal-court adjudication, an actual controversy must be extant *at all stages* of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (citation omitted).

Applying the mootness doctrine, the D.C. Circuit long ago established that prospective relief such as "declaratory and injunctive relief would no longer be appropriate if intervening events have provided the relief sought by the plaintiff against the defendant." *Nat'l Black Police Ass'n v. District of Columbia*, 108 F.3d 346, 350 (D.C. Cir. 1997). Indeed, to grant declaratory relief, there must be a dispute which "calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication of [a] present right upon established facts." *Aetna Life Ins. Co. of Hartford v. Haworth*, 300 U.S. 227, 242 (1937). More recently, in *Friends of Animals v. Bernhardt*, 961 F.3d 1197, 1203 (D.C. Cir. 2020), the D.C. Circuit reaffirmed the mootness doctrine, holding that "the government's abandonment of a challenged regulation is just the sort of development that can moot an issue." *Id.*

The plaintiffs in *Friends of Animals* challenged certain "findings" of the U.S. Fish and Wildlife Service that would allow sport-hunted animal "trophies" to be imported into the United States. 961 F.3d at 1200. At issue in the case was the U.S. Fish and Wildlife Service's regulation of the importation of the dead bodies (or parts of dead bodies) ("trophies") of sport-hunted animals whose species are endangered or threatened with extinction. *Id.* at 1201. Importation of sport-hunted trophies of threatened species is banned subject to species-specific exceptions. *Id.* The species-specific exceptions hinge on the Fish and Wildlife Service making certain "findings" regarding the impact the killing of an animal will have on the species' survival. *Id.* The plaintiffs

10

challenged Fish and Wildlife Service's finding, made in 2017, that killing lions and elephants in Zimbabwe during the years 2016 to 2018 would enhance the species' survival. *Id.* After similar "findings" for different years were struck down by the D.C. Circuit because they were legislative rules illegally issued without notice and comment, the Department of Interior withdrew the 2017 findings that were challenged in *Friends of Animals* and announced that it would proceed by informal adjudication. *Id.*

The D.C. Circuit held that the case was moot. *Id.* at 1203. The court noted that the government had withdrawn the challenged findings, thereby eliminating their legal effect and leaving nothing for the court to adjudicate. *Id.* Even though the Fish and Wildlife Service stated that it would use the findings in its informal adjudications, the D.C. Circuit still held that the findings themselves no longer had legal effect and are "classically moot." *Id.* (quoting *Akiachak Native Cmty. v. Dep't of Interior*, 827 F.3d 100, 105-06 (D.C. Cir. 2016) (where "[e]ach cause of action challenged the validity of" a regulatory exception and "that regulation no longer exists, we can do nothing to affect [challenger's] rights relative to it, thus making this case classically moot for lack of a live controversy")).

As another example, the D.C. Circuit held in *Center for Science in the Public Interest ("CSPI") v. Regan*, 727 F.2d 1161, 1167 (D.C. Cir. 1984), that an intervening change moots a challenge to the prior rule. The agency in that case "was legitimately empowered to initiate further rulemaking to correct the deficiencies that the district court found in [the prior rule]." *Id.* at 1164-65. Because the prior rule that was allegedly the source of the harm had been superseded, the D.C. Circuit concluded that "[a]ny appellate pronouncement on the validity of that rule would be meaningless," and dismissed the appeal. *Id.* at 1165. So too here; the SEVIS record termination

11

about which Patel complains has been rescinded and ICE has retroactively reinstated the SEVIS record.

There can be no disagreement that Patel's complaint seeks declaratory and injunctive relief against ICE's April 2025, termination of his SEVIS record. *See* Compl. at 10 (Prayer for Relief seeking injunctive relief and a declaratory judgment). There also can be no disagreement that Patel's SEVIS record was retroactively reinstated. Not. (ECF No. 24). And, like the disputed findings in *Friends of Animals*, or the disputed regulation in *CSPI*, a decision on the merits of the allegations in the complaint regarding that earlier and now rescinded SEVIS record termination would be an impermissible advisory opinion. *See*, *e.g.*, *Nat'l Black Police Ass'n*, 108 F.3d at 351, 354; *Akiachak Native Cmty.*, 827 F.3d at 106; *Phillips v. McLaughlin*, 854 F.2d 673, 674-75 (4th Cir. 1988) ("A request for prospective relief alone, founded on a challenge to a regulation which no longer applies to plaintiffs, does not present an actual case or controversy."). The complaint is moot and should be dismissed.

> **B.    There is No Reasonable Expectation that the Alleged Violation Will Recur and Relief Has Completely Eradicated the Effects of the Alleged Violation**

"Typically, an end to offending behavior moots a case. But there are exceptions." *PETA v. Dep't of Agric.*, 918 F.3d 151, 157 (D.C. Cir. 2019). Although "a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice," *Friends of the Earth, Inc. v. Laidlaw Env't Servs.*, 528 U.S. 167, 189 (2000) (internal quotation marks omitted), "[a] case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur," *United States v. Concentrated Phosphate Exp. Ass'n*, 393 U.S. 199, 203 (1968). That is, a case is moot if "(1) there is no reasonable expectation that the conduct will recur and (2) interim relief or events

have completely and irrevocably eradicated the effects of the alleged violation." *True the Vote, Inc. v. IRS*, 831 F.3d 551, 561 (D.C. Cir. 2016) (citation omitted).

First, there is no reasonable expectation that the conduct will recur. Core to this inquiry "is the task of defining the wrong that the defendant is alleged to have inflicted." *Clarke v. United States*, 915 F.2d 699, 703 (D.C. Cir. 1990) (en banc). Here, the conduct challenged is the agency's April 2025 termination of Patel's SEVIS record based on an NCIC criminal record hit. The Government has provided "sufficient assurance" that it will not re-terminate Patel's SEVIS record based on the NCIC criminal record hit ICE had before it in April 2025. *Porup v. CIA*, 997 F.3d 1224, 1233 (D.C. Cir. 2021). It has stated in no uncertain terms that it "has no plans under its new SEVIS policy to re-terminate Patel's SEVIS record solely on the NCIC record that led to the termination in April 2025." Not. (ECF No. 24) ¶ 1; *see also* Ex. 1, 2d Watson Decl. ¶ 6 ("ICE has no plans under its new SEVIS policy to re-terminate the plaintiff(s) SEVIS record based solely on the NCIC record that led to its initial termination.").

While additional information might cause the Government to once again terminate Patel's SEVIS record under the new April 26, 2025, policy, and Patel "may seek to challenge that decision as arbitrary and capricious, this would be a distinct legal wrong because the agency's decision would be based on a different record." *Moharam*, 134 F.4th at 608. Indeed, this case closely tracks the facts of *Moharam* where the D.C. Circuit recently found that an agency's recission of a previous adverse decision mooted the matter. In *Moharam*, the plaintiff complained about his listing on a no-fly list. *Id.* at 601. After the plaintiff sought judicial review, the agency informed the plaintiff "that he was no longer on the No Fly List and would not be relisted based on the currently available information." *Id.* The Circuit concluded that this mooted the plaintiff's claim— his "removal from the No Fly List deprives us of jurisdiction over his Petitions for Review." *Id.* In

so doing, the court rejected the plaintiff's attempt to resort to voluntary cessation or capable of repetition doctrines to save his claims. As to the former, the court reasoned that the voluntary doctrine did not apply because the agency made clear it would not take the same action again based on the same information as before. *Id.* at 608–09. As to the latter, the court similarly reasoned that the plaintiff's "challenge is to the since-eradicated effects of procedures and outcomes of a particular agency action. That challenge is incapable of repetition in light of the Government's representations." *Id.* at 610.

This reasoning fits like a glove to the facts presented here. The Government has made clear that it will not re-terminate Patel's SEVIS record without different information than what previously was available, so, if ICE were to terminate Patel's record in the future based on some other set of evidence, the record before ICE would be different. If Patel were to at such time challenge such termination as arbitrary and capricious, "that claim would assert that a different legal wrong had occurred: that the *new* record before the agency rendered its decision unreasonable." *Id*. at 608-09 (emphasis in original). Thus, Patel's challenge "is limited to the record before the agency" when it terminated his status in April 2025, and such record will not be the subject of future terminations. *Id*. at 609. "A legal controversy so sharply focused on a unique factual context does not present a reasonable expectation that the same complaining party would be subjected to the same actions again." *Spivey v. Barry*, 665 F.2d 1222, 1234–35 (D.C. Cir. 1981) (cleaned up); *Armstrong v. FAA*, 515 F.3d 1294, 1296 (D.C. Cir. 2008) ("[T]he issue presented— whether it was arbitrary and capricious for the Administrator to make an emergency determination under the specific factual circumstances of this case—will never arise again.") (citation omitted).

Second, the reinstatement of Patel's SEVIS record has completely eradicated the effects of the alleged violation. Patel's complaint requests that this Court enjoin the termination of his SEVIS

record in the future. Compl. (ECF No. 1) at 10 (Prayer for Relief). But ICE "has set aside its determination that current information warranted" Patel's SEVIS record termination and reactivated his record with retroactive effect. *Moharam*, 134 F.4th at 609. As described, '[a]ny opinion regarding the [propriety of the former record termination] would be merely advisory." *Nat'l Min. Ass'n v. U.S. Dep't of Interior*, 251 F.3d 1007, 1011 (D.C. Cir. 2001). Patel's stated injury was that he believed he could not lawfully remain in the country, graduate, and potentially pursue optional practical training, but now, ICE has made clear that he can do so under current circumstances. Nor can Patel argue that he seeks remediation from any ongoing harm from the period of time that his SEVIS record was terminated. ICE has made the reinstatement of Patel's SEVIS record is fully retroactive, Not. (ECF No. 24) ¶ 2, and provided him with documentary proof of that fact, Ex. 2, Not. to Patel (May 13, 2025). The effects of the violation are thus eradicated.

### C.    Patel's Claims Do Not Meet the Standard for the Mootness Exception for Wrong that Are Capable of Repetition, Yet Evading Review

Patel's claims here do not satisfy the narrow test for claims that are exempt from the mootness doctrine insofar as they are capable of repetition, yet evading review. That doctrine "permits departure from settled rules of mootness only in an exceptional situation," *Nw. Airlines, Inc. v. FAA*, 675 F.2d 1303, 1308 (D.C. Cir. 1982) (cleaned up), such as when "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again," *Sec'y of Lab. v. M-Class Mining, LLC*, 1 F.4th 16, 24 (D.C. Cir. 2021) (citation omitted). The party invoking the exception must prove it applies. *See Sw. Bell Tel. Co. v. FCC*, 168 F.3d 1344, 1350–51 (D.C. Cir. 1999).

Just as there is no reasonable expectation that the conduct will recur, the challenged conduct—the termination of Patel's SEVIS record based solely on the NCIC hit that was before ICE on April 10, 2025—is not capable of repetition. *Cf. M-Class Mining*, 1 F.4th at 24 (case not capable of repetition because case "present[ed] a legal controversy regarding the validity of the terminated Order's issuance that is so sharply focused and highly dependent upon a series of facts unlikely to be duplicated that M-Class is not reasonably likely to face the same actions again") (cleaned up). As the D.C. Circuit recently noted in *Moharam,* "[w]hen we have found conduct capable of repetition, as in *British Caledonian Airways v. Bond*, the petitioners' challenge was to facial policies, such as the FAA's statement that it had the legal authority, under such circumstances, to disregard valid airworthiness certificates issued by nations with whom the United States has entered into binding aviation agreements, which meant that, as a result of this policy, petitioners reasonably c[ould] expect to be subjected to the same action at some time in the future." *Moharam*, 134 F.4th 598, 609–10 (internal quotations from *British Caledonian Airways v. Bond*, 665 F.2d 1153, 1158 (D.C. Cir. 1981) omitted). Here, by contrast, Patel's "challenge is to the since-eradicated effects of procedures and outcomes of a particular agency action. That challenge is incapable of repetition in light of the Government's representations." *Id*. at 610.

\* \* \*

16

## CONCLUSION

For the reasons stated above, the Court should dismiss the Complaint for lack of subject-matter jurisdiction under Rule 12(b)(1).

Dated: June 10, 2025
        Washington, DC

                                        Respectfully submitted,

                                        JEANINE FERRIS PIRRO
                                        United States Attorney

                                        BRIAN P. HUDAK, D.C. Bar #90034769
                                        Chief, Civil Division

                                        By:  _____/s/ Johnny Walker_____
                                             JOHNNY H. WALKER, III, D.C. Bar 991325
                                             Assistant United States Attorney
                                             601 D Street, NW
                                             Washington, DC 20530
                                             (202) 252-2511

                                        *Attorneys for the United States of America*

17