IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Akshar Patel, | ) C/A No.: 1:25-cv-1096-ACR |
| Plaintiff, | ) |
| v. | ) |
| Todd M. Lyons, Acting Director, U.S. Immigration and Customs Enforcement, | ) |
| Defendant. | ) |

**RESPONSE TO MOTION TO DISMISS**

Defendant ("ICE") does not defend the merits of its SEVIS terminations; it can't, and throughout the litigation, it never has. Rather, it moves to dismiss for mootness, but no court has held that a SEVIS complaint is moot based on Defendant's voluntary cessation of its illegal activity. *See Du v. U.S. Dep't of Homeland Security*, No. 3:25-cv-644, 2025 WL 1549098, *5-7. (D. Conn. May 31, 2025) (holding ICE's new policy did not moot challenge to SEVIS termination); *Roe v. Noem*, 25-cv-40, 2025 WL 1382930, at *3-4 (D. Mont. May 13, 2025) (same); *Ortega Gonzalez v. Noem*, No. 6:25-cv-632, 2025 WL 1355272 (D. Or. May 9, 2025) (same); *Doe #1 v. Trump*, No. 25-cv-4188, 2025 WL 1341711, *6-*7 (N.D. Ill. May 8, 2025) (same); *Vyas v. Noem*, No. 3:25-cv-0261, 2025 WL 1351537, at *6-*7 (S.D.W.V. May 8, 2025) (same); *Madan B.K. v. Noem*, No. 1:25-cv-419, 2025 WL 1318417, *8-*9 (W.D. Mich. May 7, 2025) (same); *Doe 1 v. Bondi*, No. 1:25-cv-1998, 2025 WL 1482733, at *10-*11 (N.D. Ga. May 2, 2025) (same); *Para Rodriguez v. Noem*, No. 3:25-cv-616, 2025 WL 1284722, at *9-*10 (D. Conn. May 1, 2025) (same); *Doe No. 1 v. Noem*, No. 25-cv-1962, 2025 WL 1224783, *7 (E.D.

Pa. Apr. 28, 2025) (same). For the reasons below—and those expressed around the United States—this Court should deny this motion.

## ARGUMENT

ICE argues Plaintiff's case is moot and Plaintiff cannot demonstrate that the challenged conduct is capable of repetition while evading review. Gov't Mot. at 9-16. But Plaintiff's case triggers the voluntary cessation exception to mootness—which ICE does not address in its motion, and more or less concedes by omission—and therefore, this Court should deny ICE's vexatious motion. *See* 28 U.S.C. § 1927.

Courts should deny motions to dismiss for mootness if one "exception" to mootness applies. *Lewis v. Becerra*, No. CV 18-2929 (RBW), 2023 WL 3884595, at *9 (D.D.C. June 8, 2023). "It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice," and therefore, ICE's voluntary reprieve in this case—combined with its announcement of a "policy" claiming even more authority—does not moot this case. *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000).

> If it did, the courts would be compelled to leave the defendant . . . free to return to his old ways. In accordance with this principle, the standard we have announced for determining whether a case has been mooted by the defendant's voluntary conduct is stringent: A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur. The heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness.

*Id.* (internal citations and quotation marks omitted). This exception stops "a party from manipulating the judicial process by voluntarily ceasing the complained of activity, and then seeking a dismissal of the case, thus securing freedom to return to his old ways." *Alphabet*

*Workers Union-Commc'n Workers of Am., Loc. 9009 v. Nat'l Lab. Rels. Bd.*, 134 F.4th 1217, 1226 (D.C. Cir. 2025) (internal quotation marks and citations omitted).

Here, ICE cannot carry its heavy burden to demonstrate mootness based on its voluntary cessation because ICE's new "policy" claims authority to terminate SEVIS records for extra-regulatory, *ultra vires* reasons, and ICE has again sought to maintain authority to terminate SEVIS records for extra-regulatory reasons. Plaintiff challenged ICE's decision to terminate his SEVIS and F-1 status for any reason other than that permitted and authorized by regulation. Compl. ¶ 49(a) [ECF No. 1]. After losing the temporary restraining order here—and in nearly every district court that addressed the issue around the country—ICE reactivated Plaintiff's SEVIS record and F-1 status. ICE then announced a new "policy," claiming authority to terminate SEVIS records and F-1 status for reasons unknown to the regulations. ECF No. 16-1 at 2. Because ICE announced a "policy" claiming authority to terminate SEVIS records and F-1 status for reasons beyond those in the regulations, ICE cannot show that its wrongful behavior cannot be expected to recur. In fact, an order declaring ICE's termination of Plaintiff's SEVIS record and F-1 status for reasons beyond those announced in 8 C.F.R. § 214.1 is now more important than ever.

This Circuit has articulated a two-part test that ICE must satisfy to carry its "heavy" burden to demonstrate mootness based on voluntary cessation. "A defendant's voluntary decision to cease the activities that gave rise to the suit extinguishes the live controversy, therefore, only if (i) there is no reasonable expectation that the alleged violation will recur, and (ii) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Citizens for Resp. & Ethics in Washington v. Wheeler*, 352 F. Supp. 3d 1, 13 (D.D.C. 2019) (internal

quotations and alterations omitted). To prevail, ICE must make it "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.*

First, Plaintiff has a reasonable expectation that ICE will again terminate SEVIS records and F1 status for extra-regulatory reasons. ICE continues to attack student visa holders and those associated with it the student visa, and recently tried to terminate Harvard's SEVP certification—and with it Harvard students' SEVIS records and F-1 status—for extra-regulatory reasons. *President and Fellows of Harvard College v. Dep't of Homeland Security*, No. 1:25-cv-11472, ECF No. 73 (D. Mass. June 20, 2025) (enjoining ICE from making "any determination that a visa holder has failed to maintain nonimmigrant status" based on its extra-regulatory termination of Harvard's SEVP certification). Further, ICE's new "policy" claims authority to terminate Plaintiff's SEVIS records and F-1 status for reasons beyond those permitted by § 214.1. ECF No. 16-1 at 2. Where ICE claims authority to terminate Plaintiff's SEVIS record and F-1 status for unlawful or *ultra vires* reasons, ICE cannot carry its burden to show its conduct is not reasonably expected to occur again—especially where it again ignored any regulatory limitations to deprive Harvard and its F-1 students of their SEVP certification and SEVIS records, respectively, only weeks after being enjoined around the United States for ignoring its own SEVIS regulations.

Most cases that find voluntary cessation does not apply rely on the fact that the agency abandoned the challenged regulation or policy. *see Wheeler*, 352 F. Supp. 3d at 14 ("EPA has taken the affirmative step of revising its records- management policy . . . For EPA to resume its challenged conduct, therefore, it would have to decide to promulgate a new policy inconsistent with the [statute]"). Contrary to these cases, here, ICE has issued a new, facially unlawful "policy" claiming authority to terminate SEVIS records and F-1 status for reasons unknown to the regulation. ECF No. 16-1 at 2. Unlike the cases ICE cites for support, ICE need take no

further steps to "re-start" its unlawful conduct; it need only apply its new "policy." There is no indication that ICE does not intend to use this new "policy" moving forward.

Second, ICE's remedial actions have not completely and irrevocably eradicated the effects of the alleged violation. Because of technology limitations, Plaintiff's SEVIS record still contains the termination and the reactivation. ECF No. 24. This will remain in place for the existence of Plaintiff's SEVIS record. Further, the Department of State revoked Plaintiff's F-1 visa based on ICE's unlawful termination of the SEVIS record and F-1 status. This revocation remains in place today. Plaintiff will be required to attend a new interview at a consulate at some point in the future because ICE's SEVIS/F1 termination led the revocation of the F-1 visa. ICE's voluntary cessation of its unlawful activities does not completely and irrevocably eradicate the effects of its blatantly unlawful SEVIS/F1 termination.

ICE cannot carry its burden to demonstrate this case is moot because ICE has not learned its lesson. Its new "policy" claims authority to, again, terminate SEVIS records and F-1 status for unlawful reasons. This Court must declare ICE's SEVIS/F1 termination for extra-regulatory reasons unlawful to protect Plaintiff from the whims of an agency that does not believe international students are entitled to Due Process, let alone regulatory regularity:



htttps://x.com/StephenM/status/1915766706376487087 (last visited June 24, 2025).

## **CONCLUSION**

For these reasons, this Court should deny this motion.

June 24, 2025

Respectfully submitted,

s/Brad Banias
BRAD BANIAS
Banias Law, LLC
602 Rutledge Avenue
Charleston, SC 29403
843.352.4272
brad@baniaslaw.com

s/Steven A. Brown
STEVEN A. BROWN
Reddy Neumann Brown PC
11000 Richmond Ave, Suite 600
Houston, TX 77042
P: (713) 953-7787 ext. 145
steven@rnlawgroup.com
TXB 24091928

Attorneys for Plaintiff