UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AKSHAR PATEL,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>TODD M. LYONS, Acting Director,<br>U.S. Immigration and Customs Enforcement,<br><br>　　　　　　Defendant. | Civil Action No. 25-1096 (ACR) |

## REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Plaintiff Akshar Patel brought this action because U.S. Immigration and Customs Enforcement ("ICE") terminated his SEVIS record at the request of the Department of State based on a hit linked to Patel in the National Crime Information Center ("NCIC"). But the situation has materially changed. ICE restored Patel's SEVIS record and has now put in place a policy providing that it will confirm that the Department of State has revoked a visa—which was not the case for Patel—before it will terminate a SEVIS record on that basis. And ICE has stated unequivocally that it has no plans to again terminate Patel's SEVIS record based solely on the NCIC hit that led to the challenged termination. Further still, ICE has made its restoration of Patel's SEVIS record retroactive, so that it will have no lingering adverse effect. Thus, as explained in the government's motion to dismiss, Patel's claim is moot, and the voluntary-cessation exception to the mootness doctrine does not apply.

Patel's opposition fails to directly confront the government's arguments. Instead, it mischaracterizes the government's brief from the outset, insisting that it "does not address" the voluntary-cessation exception and thereby "concedes by omission" that it applies. Opp'n at 2. That is a clumsy dodge. The government spent several pages contending that the voluntary-cessation

exception does not prevent mootness here because there is no reason to expect the challenged conduct to recur and there are no lingering adverse effects to remedy. Mot. at 12–15. Specifically, the government explained that ICE instituted the policy requiring it to verify a visa revocation by the Department of State before terminating a SEVIS record on that basis. Mot. at 5 (citing SEVIS Policy (ECF No. 16-1)). And the government explained that ICE "has no plans under its new SEVIS policy to re-terminate Patel's SEVIS record solely on the NCIC record that led to the termination in April 2025." *Id.* at 13 (citing Not. (ECF No. 24) ¶ 1; 2d Watson Decl. (ECF No. 26-2) ¶ 6). The government analogized to *Moharam v. Transportation Security Administration*, 134 F.4th 598 (D.C. Cir. 2025), a case dealing squarely with the voluntary-cessation exception and whose reasoning "fits like a glove" to this case. *Id.* at 13–14. There, as here, the government demonstrated that it would not take the same action for the same reasons, and therefore any future termination would give rise to a new claim. *Moharam*, 134 F.4th at 608–09. Because Patel pretends that the government's voluntary-cessation arguments are nonexistent, he has no direct response to them: he ignores entirely the government's explicit disclaimer of any intent to re-terminate his SEVIS record based on the NCIC hit and does not even try to distinguish *Moharam*.

Apart from these glaring omissions, Patel's voluntary cessation argument suffers other flaws. To start, his efforts to prop up an expectation that ICE will again terminate his SEVIS record for "extra-regulatory reasons" fall flat. Opp'n at 4–5. He attempts to characterize ICE's new SEVIS policy as "facially unlawful" because, by his account, it permits ICE to terminate a SEVIS record for reasons "beyond those announced in 8 C.F.R. § 214.1." Opp'n at 3, 4. That assertion rests on a faulty premise. The regulation Patel refers to governs only a "termination of status," 8 C.F.R. § 214.1(d), but a SEVIS record does not equate to status and may be terminated for other reasons, Watson Decl. (ECF No. 7-1) ¶ 12. Indeed, the termination of a SEVIS record "is not always

negative" and may be performed even by non-governmental school officials "for several normal, administrative reasons."   DHS, *SEVIS: Terminate a Student*, https://perma.cc/ECM2-L3RY (pinned June 9, 2025).

In any event, even accepting Patel's unsound premise, his argument still fails. Were ICE to later terminate Patel's SEVIS record for reasons that he found to be arbitrary or capricious or in violation of some regulation, that termination would necessarily be for reasons other than only the NCIC hit that gave rise to the present case. Not. (ECF No. 24) ¶ 1; 2d Watson Decl. (ECF No. 26-2) ¶ 6. It would therefore "be a distinct legal wrong because the agency's decision would be based on a different record," and the claim in this case based on the present record would still be moot. *Moharam*, 134 F.4th at 608. Patel's reference to the government's actions regarding the student visa program at Harvard College is even further afield; those actions have nothing to do with Patel or his claim. Opp'n at 4 (citing *President & Fellows of Harvard Coll. v. Dep't of Homeland Sec.*, — F. Supp. 3d —, 2025 WL 1737493, at *1 (D. Mass. June 23, 2025)). The actions underlying that case therefore do nothing to resuscitate the short-lived, NCIC-based SEVIS termination that formed the basis for Patel's claim in this case.

Patel also fails in his attempt to show a lasting remediable impact from the prior, short-lived termination of his SEVIS record. He asserts, without citing any evidence, that "the Department of State revoked [his] F-1 visa based on ICE's unlawful termination of the SEVIS record and F-1 status" and that "revocation remains in place today." Opp'n at 5. That is not true. Patel never had an F-1 visa from the Department of State; he travelled to the United States on a different, temporary visa, which expired by its terms. Patel's counsel is aware of this. He detailed the situation in his filings with the Court, Mot. for Prelim. Inj. (ECF No. 12) at 6, and at the hearing on Patel's motion for a preliminary injunction:

> THE COURT:          All right. Plaintiff's counsel, did Mr.
> Patel receive any notice from State that his visa was being revoked
> or he was about to be terminated?
>
> MR. BANIAS:          No, Your Honor. His visa was
> expired at the time this all happened.

Hr'g Tr. at 17:17–21. Patel's unsupported, counterfactual assertions in opposition to dismissal will

not save this case from mootness.

Patel also asserts that his "SEVIS record still contains the termination and the reactivation."

Opp'n at 5. But he acknowledges that this is simply a result of "technology limitations" that would

remain even in the event of court-ordered relief. *Id.* More importantly, Patel fails to acknowledge

or address the government's showing that the reactivation of Patel's SEVIS record was

substantively retroactive, leaving no "gap" in that record. Not. (ECF No. 24) ¶ 2. And ICE has

provided Patel with an official notification that he can use to demonstrate the retroactive effect of

his SEVIS reactivation. Not. to Patel (ECF No. 26-3). Again, Patel does not address these measures

and therefore fails even to attempt to rebut the government's demonstration that it has "completely

eradicated the effects of the alleged violation." Mot. at 14.

Patel also offers a string citation to out-of-circuit decisions that he characterizes as rejecting

mootness in SEVIS cases. But those cases largely arose in different factual circumstances. Some

of the cases dealt with the factual situation before ICE finalized its new policy and made

representations not to re-terminate the plaintiffs' records under that new policy. *Roe v. Noem*, No.

Civ. A. No. 25-0040 2025 WL 1382930, at *4 (D. Mont. May 13, 2025) (referring to the

government's "forthcoming" policy and noting that the government did not argue mootness); *Doe

1 v. Bondi*, Civ. A. No. 25-1998, 2025 WL 1482733, at *11 (N.D. Ga. May 2, 2025) (noting that

the government represented that the policy was "not final"). In nearly all the cases, the government

does not appear to have made the representations that it made here: that it has no plans to terminate

the SEVIS record in the future based on the same information obtained from NCIC. *Ortega Gonzalez v. Noem*, Civ. A. No. 25-0622, 2025 WL 1355272, at *5 (D. Or. May 9, 2025) (stating that the government has not "repudiated" its prior termination); *Doe #1 v. Trump*, Civ. A. No. 25-4188, 2025 WL 1341711, at *5 (N.D. Ill. May 8, 2025) ("Defendants in this case have not claimed that the Notice or SEVP Policy applies to Plaintiffs or made any representation that in the absence of the Court's order, Defendants would not terminate Plaintiffs' SEVIS records."); *Madan B. K. v. Noem*, Civ. A. No. 25-0419, 2025 WL 1318417, at *9 (W.D. Mich. May 7, 2025) (stating that the reactivation is reversible); *Parra Rodriguez v. Noem*, Civ. A. No. 25-0616, 2025 WL 1284722, at *9 (D. Conn. May 1, 2025) (stating only that the plaintiff's SEVIS record had been reactivated); *Doe No. 1 v. Noem*, Civ. A. No. 25-1962, 2025 WL 1224783, at *7 (E.D. Pa. Apr. 28, 2025) ("Defendants have continuously refused to confirm for this Court that they would not arrest, detain, or deport Plaintiff."). And all the cases appear to have been decided before ICE clarified through official notifications that the reactivation of SEVIS records had retroactive effects and left no "gap" in the SEVIS record. *Du v. Dep't of Homeland Sec.*, Civ. A. No. 25-0644, 2025 WL 1549098, at *7 (D. Conn. May 31, 2025); *see also Doe #1*, 2025 WL 1341711, at *5 (stating that ICE "may view the gap" in the SEVIS record as a lapse in status, which ICE has now disclaimed).

For the forgoing reasons and the reasons set forth int the government's opening brief, this case should be dismissed as moot.

*      *      *

Dated: July 1, 2025           Respectfully submitted,
       Washington, DC

JEANINE FERRIS PIRRO
United States Attorney

By: _____/s/ *Johnny Walker*_____
      JOHNNY H. WALKER, III, D.C. Bar No. 991325
      Assistant United States Attorney
      601 D Street, NW
      Washington, DC 20530
      (202) 252-1511

*Attorneys for the United States of America*