IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Akshar Patel, ) | C/A No.: 1:25-cv-01096-ACR |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Todd M. Lyons, Acting Director, U.S. ) | |
| Immigration and Customs Enforcement, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

# **REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendant U.S. Immigration and Customs Enforcement ("ICE") reactivated international students' SEVIS records on or about April 25, 2025, and announced its new "policy" on or about April 26, 2025. Nevertheless, even after those dates, no court in the United States has held that these students' initial cases were moot. *Du v. U.S. Dep't of Homeland Security*, No. 3:25-cv-644, 2025 WL 1549098, *5-7. (D. Conn. May 31, 2025) (holding ICE's new policy did not moot challenge to SEVIS termination); *Roe v. Noem*, 25-cv-40, 2025 WL 1382930, at *3-4 (D. Mont. May 13, 2025) (same); *Ortega Gonzalez v. Noem*, No. 6:25-cv-632, 2025 WL 1355272 (D. Or. May 9, 2025) (same); *Doe #1 v. Trump*, No. 25-cv-4188, 2025 WL 1341711, *6-*7 (N.D. Ill. May 8, 2025) (same); *Vyas v. Noem*, No. 3:25-cv-0261, 2025 WL 1351537, at *6-*7 (S.D.W.V. May 8, 2025) (same); *Madan B.K. v. Noem*, No. 1:25-cv-419, 2025 WL 1318417, *8-*9 (W.D. Mich. May 7, 2025) (same); *Doe 1 v. Bondi*, No. 1:25-cv-1998, 2025 WL 1482733, at *10-*11 (N.D. Ga. May 2, 2025) (same); *Para Rodriguez v. Noem*, No. 3:25-cv-616, 2025 WL 1284722,

at \*9-\*10 (D. Conn. May 1, 2025) (same); *Doe No. 1 v. Noem*, No. 25-cv-1962, 2025 WL 1224783, \*7 (E.D. Pa. Apr. 28, 2025) (same). This Court should not be the first.[1]

## I. Plaintiff can make an ultra vires argument under the APA.

ICE argues that the Doctrine of Non-Statutory Review somehow prevents Plaintiff from making an *ultra vires* claim under § 706(2)(C). Gov't Resp. at 12-14. However, the Doctrine of Non-Statutory Review only applies where no statute authorizes a private cause to challenge an *ultra vires* act. *Shroer v. Billington*, 525 F. Supp. 2d 58, 65 (D.D.C. 2007). Because the APA provides a statutory cause of action to challenge a final agency action as *ultra vires*, this doctrine is inapposite and Plaintiff, therefore, need not allege the necessary elements to trigger the Non-Statutory Review doctrine.

## II. The SEVIS and F-1 termination are arbitrary and capricious.

ICE argues, again, that it did not terminate Plaintiff's F-1 status when it terminated their SEVIS record and, therefore, Plaintiff is not challenging a final agency action. Gov't Resp. at 20-22. The lone support for this argument remains one sentence in the declaration of Andre Watson, where he states: "Terminating a record in SEVIS does not terminate an individual's nonimmigrant status in the United States." *Id.* ICE (still) provides no legal or factual support for Watson's statement, and no court in the country has agreed with Watson's bald assertion that ICE did not terminate Plaintiff's F-1 status when it terminated their SEVIS record. *See supra* p.1.

---

[1] Further, this Court has already refused most of the arguments in its response to Plaintiff's motion for summary judgment. For example, ICE argues, again, that the Privacy Act precludes review here. Gov't Resp. at 4-8. This argument is nearly frivolous or vexatious because ICE admits that nonimmigrants—like F-1 students—cannot bring a cause of action under the Privacy Act, only U.S. citizens and lawful permanent residents. *Id.* at 18 (citing 5 U.S.C. § 552a(a)(2)). This Court rejected this argument in its TRO. To save resources, Plaintiff will address ICE's new arguments and rely on its initial brief and the law of the case to repudiate the others.

This Court has already rejected this novel interpretation of F-1 visas. This argument cannot withstand the law of the case or the dozens of cases that have ruled against this argument.

ICE argues that the SEVIS/F1 termination indeed provided an explanation because the "Watson declaration and the administrative record . . . [explain] . . . his name was a verified match to a criminal record, and the Department of State requested that his SEVIS record be terminated." Gov't Resp. at 9. But the decision under review recounts none of this. ECF N0. 2-3 at 3. However, under the Chenery doctrine, a court can "uphold agency orders based only on reasoning that is fairly stated by the agency in the order under review." *Matson Navigation Co., Inc. v. Dep't of Transportation*, 770 F. Supp. 3d 44, 68 (D.D.C. 2025). ICE's attempt to fabricate a rationale unknown to the challenged decision must fail.

ICE then argues Mr. Patel has a criminal history and, therefore, its decision is not arbitrary and capricious. Gov't Resp. at 9-10. This Court has previously properly pushed back on ICE's characterization of a dismissed traffic ticket as "criminal history," but nevertheless, ICE misses the point. Nothing in the regulations, which all limit ICE's authority to terminate a student's SEVIS record to specific enumerated reasons, permit termination for anything it characterizes as "criminal history." *See* 8 C.F.R. § 214.1(d). Regardless of how ICE wants to characterize a dismissed traffic ticket, the decision is arbitrary because the decision did not provide such an explanation and a dismissed traffic ticket is not a lawful basis for termination under §214.1(d).

ICE then claims Mr. Patel received an individualized determination because he appeared on lists shared between ICE and the U.S. Department of State. Gov't Resp. at 10. This Court previously rejected this characterization at its TRO hearing. However, the record contains no

evidence that ICE did anything more than terminate every single student identified on the lists for its initiative. Lumping Mr. Patel with 6,000 other students without providing an explanation of why Mr. Patel and his dismissed traffic violation was subject to SEVIS/F1 termination cannot be considered as individualized analysis. The record contains no explanation of why ICE terminated Mr. Patel's SEVIS and F1.

ICE does not address Plaintiff's argument that its termination was arbitrary and capricious because it lacked reasoned decisionmaking, ignores important facts in the record, and contravenes the evidence in the record. Each of these arguments, independently, requires this Court to set aside ICE's termination, even if ICE's Due Process argument or its novel *ultra vires* argument is correct. Because ICE did not address all of the arguments in Plaintiff's motion for summary judgment, it has waived its right to respond to them and this Court should set aside ICE's decision as undisputed.

## CONCLUSION

Defendant concedes its decision is arbitrary and capricious for various reasons, and the remainder of its arguments have been repeatedly rejected. For these reasons, this Court should grant Plaintiff's Motion for Summary Judgment.

July 28, 2025

Respectfully submitted,

s/Brad Banias
BRAD BANIAS
Banias Law, LLC
602 Rutledge Avenue
Charleston, SC 29403
843.352.4272
brad@baniaslaw.com

s/Steven A. Brown
STEVEN A. BROWN
Reddy Neumann Brown PC

11000 Richmond Ave, Suite 600
Houston, TX 77042
P: (713) 953-7787 ext. 145
steven@rnlawgroup.com
TXB 24091928

Attorneys for Plaintiff