IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Akshar Patel, | ) | C/A No.: 1:25-cv-1096-ACR |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Todd M. Lyons, Acting Director, U.S. | ) | |
| Immigration and Customs Enforcement, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## OPPOSITION TO MOTION TO EXTEND DEADLINE

Since this Court granted ICE a 60-day extension on April 6, 2026, Defendant ("ICE") has

not engaged in settlement discussions with Plaintiff. ICE provides no support for its claim that it

is "exploring whether this matter may be resolved without judicial intervention." ECF No. 43 at

1. And its refusal to engage in settlement discussions with Plaintiff undermine its vague,

unsupported factual allegations. For these reasons, this Court should deny ICE's motion for yet

another lengthy extension.

## FACTS

On April 3, 2026, the Deputy Civil Chief emailed undersigned counsel and explained that

ICE "should try and settle all of these cases. I have a meeting with the agency next week

Tuesday. At that time, I will know what direction ICE is leaning." Emails at 2 (attached as Ex.

A) [1]. Based in part on this representation, undersigned counsel consented to a 60-day extension

with the understanding that ICE would engage in good faith settlement discussions. ECF No. 42.

And on April 6, 2026, this Court granted ICE 60 days to respond to Plaintiff's motion for fees

---

[1] *See Bushireddy v. Lyons*, 1:25-cv-1102-SLS (D.D.C.); *Hinge v. Lyons*, 1:25-cv-01097-RBW (D.D.C.); *Mashatti v. Lyons*, 1:25-cv-01100-RJL (D.D.C.).

under the Equal Access to Judgment Act ("EAJA"). Minute Order[2] (April 6, 2026). The Court even thanked the parties for trying to settle the dispute. *Id.* ("The Court thanks the parties for attempting to achieve a resolution without its intervention.").

On April 8, 2026—the day after the purported settlement meeting with ICE—Plaintiff followed up with the Deputy Civil Chief to see how the meeting went. Emails at 3. Plaintiff received no response to that email, but Plaintiff followed up on April 15, 2026, seeking ICE's position on an EAJA motion in *Bushireddy*. Emails at 4. ICE did not respond and, so, the Plaintiff in Bushireddy filed for EAJA fees. *Bushireddy*, No. 1:25-cv-1102-SLS, ECF No. 58 (D.D.C.). Two days later, ICE reached out to say it "would like to confer about the EAJA motion." Emails at 5. Plaintiff responded that same day, offering to talk the following week. *Id.* at 7. ICE provided no response. On April 27, 2026, plaintiff again reached out to the Deputy Civil Chief to discuss resolution, copying two other Assistant United States Attorneys. *Id.* at 10.

On May 14, 2026, the Deputy Civil Chief emailed undersigned counsel and claimed "you have not contacted anyone in my office regarding settlement of attorneys' fees in this case or in Bushireddy." Emails at 11. In that thread, Plaintiffs notified they had contacted the office twice, but got received no response. Plaintiffs sent an email the following day with all counsel assigned to ongoing cases on May 15, 2026, with a demand letter. Emails at 11. ICE did not respond. Plaintiffs followed up again on May 19, 2026. Emails at 13-14. The Deputy Civil Chief responded immediately, recognizing she had missed her response deadline due to vacation, and

---

[2] The Court ordered the parties to notify the Court of a settlement or for Defendant to file its opposition on or before June 9th. Plaintiff notes, no settlement has been reached.

she requested a monetary demand for the case in *Hinge*. Emails at 14-15. [3] Plaintiff responded to

let ICE know it had already provided a monetary demand for the Hinge case and noted

opposition to its motion for leave to respond out of time. Emails at 19.

Plaintiffs again followed up with counsel in this case on May 21, 2026. Emails at 26.

Counsel in this case indicated he would reach out to ICE again. Emails at 27. Deputy Civil Chief

represented that they would have a meeting with ICE on May 28, 2026, and on May 29, 2026,

undersigned counsel sought an update. Emails at 29. ICE responded, claiming ICE personnel had

changed and they wanted more time. Emails at 30. Plaintiffs noted their opposition to any further

extensions.

## ARGUMENT

Given this Court's April 6, 2026 order, this Court should interpret "good cause" to

require a showing that ICE is actually engaging in good faith settlement efforts. Since April 6,

2026, Plaintiff has repeatedly reached out to ICE, made monetary demands, and sought

---

[3] Over Plaintiff's opposition, Judge Sooknanan granted ICE's motion for an out of time extension to respond, while ordering the U.S. Attorney's Office to take efforts to avoid missing such deadlines in the future:

> MINUTE ORDER granting in part and denying in part the [60] Motion for Leave to File Opposition Nunc Pro Tunc. Counsel's leave hardly explains why she failed to respond to the [58] Motion for Attorney Fees for over a month. Indeed, the Court notes that there is a disturbing trend of the U.S. Attorney's Office for the District of the District of Columbia missing filing deadlines and court appearances. The Court instructs counsel to consult with the Civil Chief and anyone else needed to put systems in place to stop this trend. Here, in the interests of resolving this case expeditiously, without prejudice to the Plaintiff, and on the merits, the Court grants a short extension nunc pro tunc. The Defendant shall respond to the [58] Motion for Attorney Fees by May 22, 2026. No further extensions shall be granted. Signed by Judge Sparkle L. Sooknanan on 5/20/2026. (lcak)

*Bushireddy,* 1:25-cv-1102-SLS, Minute Order (D.D.C. May 20, 2026). There is no indication that a consultation with the Civil Chief has taken place or any steps have been taken to "stop this trend." *Id.*

settlement at every step. ICE has yet to even provide a counteroffer, and it appears ICE only realized they did not have personnel to make the decision on May 29, 2026. ICE is not engage in settlement efforts; rather, ICE filed opposition to Plaintiff's motion for fees in the *Bushireddy* case[4]. Since the outset of this case, ICE has refused to compromise on the smallest issue. Without proof that ICE is actually considering settlement, this Court should deny this motion because, indubitably, we will be in the same position on July 24, 2026, where we are today.

**CONCLUSION**

ICE's motion for an extension is not credible. ICE has not engaged in settlement discussions with Plaintiff. Meanwhile, Plaintiff has provided demands, time sheets, and extensions when requested. Unless or until ICE demonstrates any good faith efforts to resolve this case, this Court should deny additional extensions. Plaintiff remains dedicated to resolving this without judicial intervention, but one party cannot settle a case.

June 4, 2026                                              Respectfully submitted,

                                                         s/Brad Banias
                                                         BRAD BANIAS
                                                         Banias Law, LLC
                                                         602 Rutledge Avenue
                                                         Charleston, SC 29403
                                                         843.352.4272
                                                         brad@baniaslaw.com

                                                         s/Steven A. Brown
                                                         STEVEN A. BROWN
                                                         Reddy Neumann Brown PC
                                                         10333 Richmond Avenue, Suite 1050
                                                         Houston, TX 77042
                                                         P: (713) 953-7787 ext. 145
                                                         steven@rnlawgroup.com
                                                         TXB 24091928

---

[4] *Bushireddy* is in an identical procedural posture. Counsel for Plaintiff sees no reason why an opposition in this instant case would be any different from *Bushireddy* outside of minor facts.

Attorneys for Plaintiff